ON REHEARING
PER CURIAM.
The opinion of this court filed June 7, 1983, is withdrawn and the following opinion substituted therefor.
Brown’s sentence as an habitual offender is reversed and the cause is remanded to the trial court to make the requisite specific finding that such a sentence is necessary for the protection of the public from further criminal activity by the defendant, see § 775.084(4)(a), Fla.Stat. (1981); Ruiz v. State, 407 So.2d 1042 (Fla. 3d DCA 1981), or if such a finding is not supported by the record, to vacate the habitual offender sentence. We recognize this sentencing error despite the defendant’s failure to preserve the issue below. See Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981); accord, Spikes v. State, 405 So.2d 430 (Fla. 3d DCA 1981); Warmble v. State, 393 So.2d 1164 (Fla. 3d DCA 1981); but see Hampton v. State, 399 So.2d 441 (Fla. 5th DCA 1981); Thomas v. State, 394 So.2d 548 (Fla. 5th DCA 1981); Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA), approved on other grounds, 394 So.2d 407 (Fla.1980).
*941 Sentence reversed and remanded with directions.