462 So.2d 452 (1985)
Bennie Lee WALKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 64747.
Supreme Court of Florida.
January 10, 1985.
Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., Gregory G. Costas and Andrew Thomas, Asst. Attys. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This cause is before us on a petition to review a decision of the First District Court of Appeal reported as Walker v. State, 442 So.2d 977 (Fla. 1st DCA 1983), which directly conflicts with State v. Rhoden, 448 So.2d 1013 (Fla. 1984), and Brown v. State, 435 So.2d 940 *453 (Fla. 3d DCA 1983). The issue presented concerns the failure of the trial court to make findings of fact in support of the imposition of an extended sentence as required by the habitual offender statute, section 775.084, Florida Statutes (1981).[*] We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash the decision of the district court.
The facts of the instant case are uncontroverted. Petitioner was convicted of trafficking in stolen property and was sentenced as a habitual offender under section 775.084. On appeal, petitioner alleged that the trial judge did not specifically state, as required by statute, the findings upon which he based his decision to extend petitioner's sentence. The district court affirmed, finding that petitioner's failure to raise this objection in the trial court precluded its consideration on direct appeal. The court dismissed the appeal without prejudice to petitioner's right to raise the issue in a motion for post-conviction relief. 442 So.2d at 978.
In Brown, the Third District Court of Appeal took a contrary view and, in reversing a habitual offender sentence, expressly held that the failure of a "trial court to make the requisite finding that such a sentence is necessary for the protection of the public from further criminal activity by the defendant" could be challenged on appeal notwithstanding the appellant's failure to preserve the issue. 435 So.2d at 940. The court concluded that such a failure required the remand of the cause so that the trial judge could make the necessary finding. Id. at 941. We agree with this holding and find it to be consistent with our recent decision in Rhoden, in which we dealt with a similar statute, section 39.111(6), Florida Statutes (1981). That statute places a statutory duty upon the trial *454 judge to make specific findings of fact when sentencing a juvenile offender as an adult. We held that these types of requirements in sentencing statutes were clearly intended to be mandatory. Further, we explained why the contemporaneous objection rule did not apply to bar appellate review of the court's failure to follow the mandatory sentencing requirements. 448 So.2d at 1016-17.
We hold that the findings required by section 775.084 are critical to the statutory scheme and enable meaningful appellate review of these types of sentencing decisions. Without these findings, the review process would be difficult, if not impossible. It is clear that the legislature intended the trial court to make specific findings of fact when sentencing a defendant as a habitual offender. Given this mandatory statutory duty, the trial court's failure to make such findings is appealable regardless of whether such failure is objected to at trial. We note that the First District Court of Appeal, in its recent decision in Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), recognized that Rhoden mandates a remand for findings of fact when the trial court fails to make such findings in sentencing a defendant under the habitual offender statute.
Accordingly, the decision of the First District is quashed and we remand with directions that the cause be remanded to the trial court for further proceedings consistent with this decision.
It is so ordered.
BOYD, C.J., and ALDERMAN, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only with an opinion with which ADKINS, J., concurs.
SHAW, Justice, concurring in result only.
The true issue in this case, as the district court below and the parties before this Court recognized, is whether the sentencing error complained of is fundamental and must be considered on appeal even though no objection was made in the trial court. I agree with petitioner that the error is fundamental and must be considered on appeal. As I read section 775.084, Florida Statutes (1981), the mandatory specific findings of fact are not subject to waiver, they are a condition precedent to the trial court's authority to sentence to an extended term of imprisonment. In my view, absent the mandatory findings, the sentence imposed is unlawful in that it causes a prisoner to be incarcerated for a period greater than the law permits. Noble v. State, 353 So.2d 819 (Fla. 1977); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981). I concur in result for this reason.
I do not join in the majority opinion because it perpetuates the faulty reasoning upon which State v. Rhoden, 448 So.2d 1013 (Fla. 1984), was based. Although I concurred with Rhoden, and still approve the result in that case, on further reflection I fear we misstated the rationale in saying that "[t]he purpose of this contemporaneous objection rule [ensuring that objections are made when the recollections of witnesses are freshest] is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge." Id. at 1016. I note first that this "simple remand" has consumed almost two years, required the attention of two appellate courts, ten appellate judges, an unknown number of appellate lawyers and court personnel, and is now enroute to the original sentencing judge for a review of the record and a resentencing hearing. A contemporaneous objection might well have cured the error, thus resulting in finality of judgment, speedy justice, and efficient use of judicial resources. Contrary to Rhoden
[t]he requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from *455 a failure to cure early that which must be cured eventually.
Castor v. State, 365 So.2d 701, 703 (Fla. 1978). While it is true that retrying a case is more undesirable than resentencing a convicted defendant, the fact is that both are highly undesirable. The loose language employed in Rhoden and the case here will lead to unnecessary and undesirable appellate review of nonfundamental, even harmless, error and to denigration of the trial court process. See the discussion in Wainwright v. Sykes, 433 U.S. 72, 88-90, 97 S.Ct. 2497, 2507-2508, 53 L.Ed.2d 594 (1977) on the importance of the contemporaneous objection rule to trial court proceedings. We should limit Rhoden and the case here to sentencing procedures involving fundamental errors and retain the heretofore well-established rule that the contemporaneous objection rule is applicable to both guilt and penalty phases of a trial, absent fundamental error. Castor, 365 So.2d at 703.
ADKINS, J., concurs.
NOTES
[*] Section 775.084, Florida Statutes (1981), reads, in part, as follows:

775.084 Habitual felony offenders and habitual misdemeanants; extended terms; definitions; procedure; penalties. 
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. Previously been convicted of a felony in this state;
b. Twice previously been convicted of a misdemeanor of the first degree in this state or of another qualified offense for which the defendant was convicted after the defendant's 18th birthday;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony, misdemeanor, or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony, misdemeanor, or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
(b) "Habitual misdemeanant" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has at least twice previously been convicted of the same crime committed at different times after the defendant's 18th birthday;
2. The misdemeanor for which the defendant is to be sentenced was committed within 2 years of the date of the commission of the last prior crime or within 2 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a crime, whichever is later;
3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
4. A conviction of a crime necessary to the operation of this section has not been set aside in any post-conviction proceeding.
... .
(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender or an habitual misdemeanant. The procedure shall be as follows:
... .
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.