532 So.2d 1341 (1988)
Barbara WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3139.
District Court of Appeal of Florida, Fourth District.
November 2, 1988.
*1342 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard L. Kaplan, Asst. Atty. Gen., Miami, for appellee.
GLICKSTEIN, Judge.
Appellant and her codefendant were charged by information with grand theft, a third degree felony. On the day of trial, the trial court denied appellant's request to discharge her court-appointed counsel and also denied her request for a one week continuance in order to retain private counsel. Appellant was tried before a jury and was found guilty as charged. The trial court entered a judgment adjudicating appellant guilty, declared her a habitual offender and sentenced her within the guidelines to serve a ten year term of incarceration with credit for time served.
Appellant raises three points on appeal, all of which are meritorious.

I.
Appellant contends that prior to jury selection on the day of trial, the trial court erred in denying her request to discharge her court-appointed counsel and her motion for a one week continuance in order to retain private counsel. We agree that the trial court erred as to her initial request and reverse and remand for new trial on that ground.
This court stated in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), that "where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge." Id. at 258. The record in the instant case discloses that the trial judge did not make the necessary inquiry into the appellant's complaints regarding her attorney's representation of her. Instead, the record shows that when the defendant tried to explain to the trial judge her basis for requesting a discharge of her attorney, the trial court reacted with the following statement: "You are going to trial today with your lawyer. You can represent yourself or have her represent you." The trial court failed to make any attempt to examine the appellant's complaints about her attorney and instead exhibited an unwillingness to give any genuine consideration to her request. The trial court's actions were clearly violative of the Florida Supreme Court's dictates in Johnston v. State, 497 So.2d 863, 867 (Fla. 1986) that "[a] trial court is obligated to examine the reasons given by a defendant to support his motion to discharge counsel." See also Scull v. State, 533 So.2d 1137 (Fla. 1988).
In Nelson this court stated that "[i]f no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute." Id. at 259. Herein the record discloses that although the appellant persisted in seeking to have her attorney discharged, the trial court failed to state specifically on the record that it failed to find any reasonable basis for believing that the court-appointed counsel was not rendering effective assistance to the appellant.
The state argues that the appellant asserted an insufficient reason for requesting a change of counsel, i.e., a loss of confidence. The state cites to Johnston v. State, 497 So.2d 863 (Fla. 1986), for the proposition that "[g]eneral loss of confidence *1343 or trust standing alone will not support withdrawal of counsel." Id. at 868. A review of that case reveals that the trial court therein properly examined the reasons asserted by the defendant in support of his motion to discharge counsel. Id. at 867. Herein, no proper examination of the reasons underlying appellant's request to discharge her attorney appears in the record. Although the appellant stated a few "reasons" during her comments to the court, it is not possible to deduce from this record what her entire basis for seeking discharge of her attorney was, because the trial judge would not allow her to complete her comments. As exhibited by the following excerpt, the record shows that the appellant attempted to give her reasons to the court and was abruptly interrupted by the trial judge:
THE DEFENDANT: Your Honor, sir, I would like to know what  I would like to, you know, try to get me a paid lawyer.
THE COURT: Well, you had plenty of time to do it.
THE DEFENDANT: Because I don't feel comfortable with this lady here, you know. I feel like I haven't been 
THE COURT: You have had since last June to do that, if you wanted to. This case is set for trial. This is the second time it's been set for trial.
In light of the fact that the trial court erred, we now examine whether the error is reversible. In State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), the Florida Supreme Court discussed the harmless error test and stated the following:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139. In the instant case it is evident from the record that the jury was allowed into the courtroom during the later part of the hearing on the appellant's request to discharge her counsel and that the jury witnessed the trial judge arguing with appellant and telling her "You are going to behave yourself here or I am going to take further action." We cannot say beyond a reasonable doubt that the trial court's denial of the appellant's request to discharge her attorney and its manner of effectuating said denial did not affect the jury's verdict.

II.
Appellant also contends that the trial court erred in sentencing her as a habitual offender without specifically stating facts upon which the decision to extend appellant's sentence was based. We agree.
The Florida Supreme Court in Walker v. State, 462 So.2d 452 (Fla. 1985), discussed this precise issue. In that case the defendant was convicted of trafficking in stolen property and was sentenced as a habitual offender under statutory section 775.084. The court found that the trial judge erred in not specifically stating, as the statute mandates, the findings upon which he based his decision to extend the defendant's sentence. See also Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979).
A review of the record in the instant case reveals that it is devoid of any written or oral findings of fact by the trial court supporting its determination that the enhanced sentence imposed on appellant was necessary for the protection of the public. The record shows that at the sentencing hearing, the court was presented with certified copies of three of the appellant's prior convictions, that the testimony of a fingerprint analyst was introduced who testified that appellant's fingerprints matched those on seven arrests sheets, and that the trial judge acknowledged reading the presentence investigation report prepared on appellant. The court failed to state which facts or circumstances from any of the *1344 foregoing formed the basis for its determination to make the following pronouncement: "I will declare Barbara Williams to be a habitual offender and for the protection of the public and criminal activity by Barbara Williams I sentence her to ten years in State Prison and I will give her credit for whatever time she has served."
Although the record contains evidence which would support the court's determination that an extended term of imprisonment was necessary, were we not reversing on another ground the trial court's failure to state its findings of facts would require that this court remand for resentencing. Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988).

III.
Although we are reversing and remanding for a new trial, we note that the parties are in agreement that the trial court erred in assessing costs against appellant pursuant to section 27.3455, Florida Statutes, without furnishing appellant with prior notice and an opportunity to object.
DOWNEY and DELL, JJ., concur.