# THOMPSON v STATE OF FLORIDA

### Case No. 88-0472 CF

Fifth Judicial Circuit, Hernando County

May 14, 1989

## APPEARANCES OF COUNSEL

**Alan R. Fanter,** Assistant Public Defender, for appellant.

**Donald R. Miller,** Assistant State Attorney, for appellee.

Before McNeal, Peterson, Tombrink, JJ.

## OPINION OF THE COURT

RAYMOND McNEAL, Circuit Judge.

Appellant, Keith Allen Thompson, appeals his conviction for Driving While License Suspended or Revoked. He alleges that the trial court did not make a proper inquiry into his desire for legal representation at trial and did not renew the offer of a court appointed attorney prior to sentencing. The state argues that appellant knowingly waived his right to court appointed counsel, and was in effect represented by the assistant public defender who assisted him during trial and at sentencing. We find that the court failed to make a proper inquiry into the appellant's dissatisfaction with his public defender and failed to

renew the offer of legal representation at sentencing. The conviction is therefore reversed.

Appellant appeared before the court with his attorney on June 29, 1988 for motion hearings. Through his attorney, appellant expressed his dissatisfaction with the representation of the public defender and his desire to hire a private attorney. The court granted the public defender's request to withdraw without questioning appellant, scheduled trial for six days later and advised appellant to have his attorney present at that time. On the day of trial appellant appeared without an attorney and announced that he did not have enough time to get his own attorney because of Independence Day. Without further inquiry, the court rescheduled trial for the next morning and informed appellant that the assistant public defender could sit with him and assist in trial. On July 6, 1988 the jury found appellant guilty and the court sentenced him immediately. The court did not advise appellant of his right to counsel at the sentencing hearing.

When a defendant prior to trial wants to discharge his court appointed counsel the trial judge must determine the reason for the request. *Scull v State,* 533 So.2d 1137 (Fla. 1988), *Johnston v State,* 497 So.2d 863 (Fla. 1986). If no reasonable basis appears for finding ineffective representation, the court should make this clear on the record and advise the defendant that substitute counsel will not be appointed if the defendant discharges his original counsel. *Williams v State,* 532 So.2d 1341 (Fla. 4th DCA 1988). In this case, the court failed to make an adequate inquiry into the reasons underlying appellant's dissatisfaction with his attorney and failed to determine whether the reasons were adequate to support the withdrawal of counsel. Furthermore, the court did not make any finding that the attorney was or was not providing effective assistance of counsel.

Sentencing is a critical stage of any criminal proceeding. For this reason, the court must renew the offer of assistance of counsel at sentencing as required by Rule 3.111(d)(5), *Florida Rules of Criminal Procedure. Parker v State,* 14 Fla.L.Wk. 633 (1st DCA, March 9, 1989). The trial judge did not do this.

These errors are not cured by the trial court's appointment of "standby counsel" to assist appellant in trial and at sentencing. Appellant did not try to exercise his constitutional right to represent himself. *See Faretta v California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He was put in the position of having to represent himself by the circumstances of this case.

For these reasons, the judgment and sentence is REVERSED and

the case REMANDED for a new trial. PETERSON, E. and TOM-BRINK, R., concur.