564 So.2d 1174 (1990)
Delrick JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2650.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
Richard L. Jorandby, Public Defender, Jeffrey L. Anderson and Jill Hanekamp, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Delrick Johnson, convicted of strong armed robbery, challenges the constitutionality of the habitual offender statute and the trial court's decision to sentence him as a habitual violent felony offender. We affirm.

FACTS
Johnson was convicted of the armed robbery of Father Walter Harnott. Harnott testified that he went to an early morning appointment at his doctor's office on December 28, 1988. Because he arrived early, he waited in his car for the office to open. While he waited, a man Harnott identified as Johnson asked for Harnott's wallet and began counting to three. Although he saw no gun, Harnott testified that the man said he had a gun under his jacket. Harnott gave him $120 from his wallet and his wristwatch. Other evidence was presented identifying Johnson as the robber. The jury subsequently found appellant guilty of robbery as charged. Before trial, the state had filed notice seeking increased sanctions against Johnson as a habitual (violent) felony offender. At sentencing the court enhanced Johnson's punishment after hearing evidence of Johnson's prior robbery convictions.

SUFFICIENCY OF HABITUAL OFFENDER FINDINGS
Johnson initially challenges the sufficiency of the court's findings determining that he was a habitual offender. Section 775.084, Florida Statutes (Supp. 1988), Florida's "Habitual Felony Offender" Act, provides in part:
(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment ... if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device, or bomb, or
j. Armed burglary;
2. The felony for which the defendant is to be sentenced was committed within 5 *1175 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later... .
The statute prescribes as to the procedure the court must follow:
(3) In a separate proceeding, the court shall determine if the defendant is a ... habitual violent felony offender. The procedure shall be as follows:
(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a ... habitual violent felony offender.
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation of counsel.
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
(e) For the purpose of identification of a ... habitual violent felony offender, the court shall fingerprint the defendant... .
Under the previous version of this statute the judge had to find that the defendant posed a threat to the public safety and had to support this abstract finding with specific factual findings supported by the record. See Eutsey v. State, 383 So.2d 219 (Fla. 1980). The amended statute, which applies to appellant's sentence because both commission of the offense and sentencing happened after the statute's effective date, no longer requires the judge to determine that the defendant is a public safety threat. Taylor v. State, 559 So.2d 385 (Fla. 3d DCA 1990). The new statute specifies that the court may enhance a defendant's punishment for the current offense if it finds that the defendant was previously convicted of any of the enumerated felonies, or that he was released from custody following the conviction, within the five years preceding the commission of the current felony offense.
In the instant case, the required presentence investigation was conducted and considered, and the judge heard testimony from a police officer regarding Johnson's prior record which reflects that:
(1) in 1985 he was convicted of robbery and burglary of a conveyance for which he was sentenced to one year and a day; he served four months; and
(2) in 1987 he was convicted of robbery with a deadly weapon for which he was sentenced to four years; he was released from the Department of Correction on November 10, 1988.
The officer fingerprinted Johnson in the court room to corroborate that the prints on the certified copies of prior convictions matched those taken at the hearing. Johnson did not dispute any of the prior convictions, and his attorney admitted that the convictions were as shown by the court records.
Based on this record of convictions and the fact that both qualifying convictions and releases from custody therefor occurred within five years of the current offense, the court found that Johnson was a habitual felony offender. Johnson concedes that the statute does not require that the court's findings be reduced to writing. See Taylor v. State, 559 So.2d 385 (Fla. 3d DCA 1990); Parker v. State, 546 So.2d 727 (Fla. 1989). The sole requirement is that the judge make the necessary findings in a reported judicial proceeding. Thus, we conclude that the court followed the proper procedure under the amended statute, and made the limited findings necessary in order to impose the enhanced punishment.

CONSTITUTIONAL ISSUES
Appellant argues that the habitual offender act violates numerous provisions of the federal and state constitutions. These challenges have been treated extensively *1176 and rejected by our sister courts in opinions with which we concur. See King v. State, 557 So.2d 899 (Fla. 5th DCA 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990).
Based upon the foregoing we affirm appellant's conviction and sentence.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.