LETTS, Judge,
specially concurring.
I concur because I must. Never mind Williams, we are mandated to do so by our supreme court’s decision in Walker v. State, 462 So.2d 452 (Fla.1985). However, I grow impatient with the ever increasing demands the appellate courts place on already overburdened trial judges. More and more, we require them to justify themselves in minute detail or we will reverse. As I see it, trial judges should not have to carry the burden of proof to establish they were not wrong. To the contrary, it should be the duty of the criminal-appellant to overcome the presumption that the trial court was right. If any sentencing discretion in criminal cases is not long gone, it is certainly soon to go.
It is perfectly obvious, from a study of this record, (the notice to seek enhanced penalty, coupled with perusal of the PSI and the dialogue between the judge and the respective attorneys at the sentencing hearing), that the defendant was enhanced because the court thought the public needed to be protected from a career criminal. In fact, the “notice of intent to seek enhanced penalties” specifically stated, “The defendant is a habitual criminal in which protection of the public will best be served by a sentence with enhanced penalties.” If this were a case of first impression, I would affirm it.