POLEN, Judge.
We review the conviction and sentence of the appellant who was charged with armed robbery, armed burglary of an occupied residence, aggravated battery, and petit theft. The appellant was sentenced as a habitual violent felony offender under section 775.084, Florida Statutes (1989), after being found guilty by the jury on all counts.
The first point raised by appellant was that the trial judge failed to conduct a proper hearing in accordance with Richardson v. State, 246 So.2d 771 (Fla.1971). The appellant’s counsel alleged at trial that he had not been informed of the existence as state’s evidence of a check stub which contained Tibbets’ fingerprint and which was found at a location relevant to the crimes alleged. He also claimed that he was not informed that the state intended to place Detective Werring on the stand during the case in chief. Appellant’s attorney had deposed Detective Werring earlier in a separate, though somewhat related case against the same defendant. However, at the time of Werring’s deposition, the existence of the check stub with appellant’s fingerprint was not yet known.
The appellant failed to demonstrate to the court that such evidence would cause undue prejudice, he did not request a continuance in order to depose the detective, nor did he show that the alleged discovery violation affected his ability to prepare for trial. The trial judge conducted a proper inquiry into the surrounding circumstances and the issues mandated by Richardson; he expressly found no discovery violation had occurred, and we therefore hold that there was no error in allowing the state to proceed with its case. Richardson; Smith v. State, 372 So.2d 86 (Fla.1979).
The appellant claimed on appeal that there was a Williams rule violation at trial. However, the failure to object to the appearance of the officer who testified concerning the alleged prior crime committed by the appellant, and the failure to object to the various items of evidence brought in through the officer precludes review on appeal. Crespo v. State, 379 So.2d 191 (Fla. 4th DCA 1980); German v. State, 379 So.2d 1013 (Fla. 4th DCA 1980). The appellant did object to the admissibility of other testimony and evidence but the test for admissibility of that evidence was satisfied under Heiney v. State, 447 So.2d 210 (Fla.1984). There was no error in the trial court as to the state’s use of prior crimes or bad acts in the case at bar.
The appellant contends that he is entitled to a new trial on the grounds that, during the trial, one of the jurors sent a letter to the judge with some questions. The trial judge allowed both defense counsel and the prosecutor to review the questions and defense counsel did not object. The trial judge is given wide discretion in matters concerning the conduct of the jury and we find no error in the proceedings below with regard to the trial court’s handling of this particular issue. Doyle v. State, 460 So.2d 353 (Fla.1984).
After the jury returned its verdict of guilty on all counts, the foreman of the jury sent a letter to the trial judge which stated that the members of the jury noticed the clerk of court making faces at defense counsel during the trial, which they found to be distracting. The judge apprised counsel of the contents of the letter and read the letter into the record. The clerk stated that she had made faces at the bailiff because it was very cold in the courtroom.
Defense counsel did not object or move for a mistrial, nor did he mention this matter in his motion for a new trial. The appellant demands a new trial now but has failed to demonstrate prejudice. He has not shown what effect, if any, the clerk’s facial gestures had on the verdict. While *76 trial judges already have far too many things to be watchful of during the conduct of a jury trial, we would hope other court personnel are sufficiently aware that their actions (gestures, facial expressions, comments, etc.) must not interfere with litigants' rights to a fair and impartial determination of their case. Also, the appellant has failed to show that the alleged error amounts to fundamental error, the lack of which precludes review for the first time on appeal. Castor v. State, 365 So.2d 701 (Fla.1978), and Clark v. State, 363 So.2d 331 (Fla.1978).
The appellant claims that he was improperly adjudicated as a habitual violent felony offender pursuant to section 775.-084, Florida Statutes (1989), because the trial judge did not make specific findings of fact to support departure from the guidelines. While the court did conduct a hearing at which the appellant was clearly established as having been convicted of several prior offenses, the judge failed to articulate his findings on the record. We must reverse as to the sentence under Walker v. State, 462 So.2d 452 (Fla.1985), and Williams v. State, 532 So.2d 1341 (Fla. 4th DCA 1988). It is not necessary that the appellant be found to be a threat to public safety. Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990). We remand for resentencing mindful that the appellant’s conviction stands absent other grounds for reversal. Walker, at 1344, and Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988).
The appellant’s remaining points on appeal are without merit. We affirm the judgment of conviction and reverse and remand as to the sentence. Future proceedings in the trial court should be consistent with this opinion.
GARRETT, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.