FARMER, Judge.
The only issue in this appeal from a conviction and sentence for burglary and petit theft meriting our attention and discussion is whether the trial court erred in failing to hold a Richardson hearing for an alleged discovery violation. We find that the judge did hold a hearing, properly held that there was no discovery violation and, in any event, that there was no prejudice to defendant.
Both sides engaged in reciprocal pretrial discovery. At trial, however, appellant took the stand and testified, in effect, that at the time of the theft he was actually already at work at a nearby restaurant. Neither party had previously made any filings respecting any notice of alibi. See Fla.R.Crim.P. 3.200. In rebuttal, the state called a witness, not previously on its pretrial witness list, to testify as the manager of the restaurant that appellant did not show up at work as he claimed.
Before allowing the witness to testify, the trial court conducted an inquiry of both counsel. As a threshold matter, the trial judge concluded, without saying it this way in so many words, that there simply had been no discovery violation under the circumstances of this case. He specifically inquired twice of defense counsel how the state was supposed to anticipate that this defendant would take the stand and testify about what amounts to an alibi, when his theory of defense up to that point had been solely misidentification. Thus, even though the judge did not incant the words, “I find no discovery violation requiring further inquiry,” that is unavoidably the substance of what he did conclude.
In any event, and even if the court had found a violation, defense counsel’s own showing that his assistant had interviewed this precise witness some two or three months before trial removes any suggestion that the defense was prejudiced. Richardson v. State, 246 So.2d 771 (Fla. 1971), expressly allows the admission of evidence as against a contention of a discovery violation where there is no undue prejudice to the defendant. Tibbets v. State, 582 So.2d 74 (Fla. 4th DCA), rev. denied, 591 So.2d 185 (Fla.1991).
AFFIRMED.
DELL and GARRETT, JJ., concur.