PER CURIAM.
Darold Tibbetts appeals his sentence imposed on remand. He argues that the trial court again failed to set forth sufficient findings of fact to support his status as a habitual violent felony offender. We find no error with the trial court’s findings and, therefore, affirm.
In 1990, the trial court classified Tibbetts a habitual violent felony offender under section 775.084(1)(b), Florida Statutes (1989). On appeal, this court affirmed Tib-. betts’s conviction, but reversed and remanded his sentence because the trial court failed to articulate on the record the findings that supported Tibbetts’s habitual violent felony offender status. Tibbets v. State, 582 So.2d 74, 76 (Fla. 4th DCA), rev. denied, 591 So.2d 185 (Fla.1991).
On remand, the trial court again found Tibbetts to be a habitual violent felony offender and sentenced him as before. The court entered the following written order to substantiate the sentence:
DAROLD TIBBETTS is a habitual violent felony offender pursuant to Florida Statute 775.084(b) [sic].
The commission date of the crimes for which the defendant was sentenced by this Court on May 16, 1990 occurred on March 31, 1989.
*44 DAROLD TIBBETTS was adjudicated guilty of two counts of Robbery with a deadly weapon, to wit a knife, first degree felonies punishable by life, on October 8, 1987 in case number 87-5874 CF A02 in West Palm Beach, Palm Beach County, Florida. These crimes occurred on June 4, 1987. Both the date of the commission of these offenses and the date of the conviction and adjudication are prior to the offense date in the instant case.
DAROLD TIBBETTS was adjudicated guilty of one count of burglary of a structure, a third degree felony, on October 8, 1987 in case number 87-5788 CF A02 in West Palm Beach, Palm Beach County, Florida. This burglary occurred on April 15, 1987.
DAROLD TIBBETTS was adjudicated guilty of one count of burglary of a structure, a third degree felony, on October 8, 1987 in case number 87-4946 CF A02 in West Palm Beach, Palm Beach County, Florida. This burglary occurred on April 25, 1987.
DAROLD TIBBETTS was adjudicated guilty of one count of burglary of a structure, a third degree felony on October 8, 1987 in case number 87-6743 CF A02 [in] West Palm Beach, Palm Beach County, Florida. This burglary occurred on May 19, 1987.
DAROLD TIBBETTS was adjudicated guilty of one count of escape, a second degree felony on March 22, 1988 in case number 88-1449 CF A02 in West Palm Beach, Palm Beach County, Florida. This escape occurred on February 2, 1988.
DAROLD TIBBETTS was adjudicated guilty of one count of attempted purchase of cocaine, a third degree felony, and adjudicated a habitual felony offender in case number 89-3647 CF A02 on April 17,1990 in West Palm Beach, Palm Beach County, Florida. This crime occurred on March 15, 1989.
DARROLD TIBBETT’s [sic] last release date from the Department of Corrections is March 30, 1989.
THE FELONIES for which the defendant was sentenced by THIS COURT on May 16, 1990 were committed within 5 (five) years of the date of all of the prior enumerated felonies and also within 5 (five) years of the date of the defendant's release from his last commitment to the Department of Corrections.
DAROLD TIBBETTS has not received a pardon for any of the enumerated felonies. Further, none of the convictions for the enumerated felonies have been set aside in any postconviction proceeding.
In this appeal, Tibbetts contends that the trial court failed on remand to make the necessary findings of fact pursuant to section 775.084(l)(b). He claims a trial court’s findings must demonstrate by a preponderance of the evidence that an extended term of imprisonment is necessary to protect the public from the defendant’s further criminal activity. In response, the State argues that the trial court’s order tracks the requirements of section 775.084(l)(b). The State maintains that under the current version of the statute, a trial court does not have to find that a defendant is a threat to public safety before classifying him a habitual violent felony offender.
Because Tibbetts committed his offenses after October 1, 1988, he is subject to the current version of section 775.-084. Ch. 88-131, § 6, Laws of Fla. In accordance with section 775.084(l)(b), before a trial court may impose a habitual violent felony offender sentence on a defendant, the trial court must find by a preponderance of the evidence (1) that the defendant committed his current felony within five years of his last prior conviction for a felony enumerated in the statute, or within five years of his release from custody for his last prior conviction for an enumerated felony; (2) that the defendant has not been pardoned for committing an enumerated felony; and (3) that the defendant’s conviction for an enumerated felony has not been set aside in a postconviction proceeding. § 775.084(l)(b)2-4, (3)(d), Fla. Stat. (1989). These findings are critical to enable meaningful appellate review of the trial court’s sentencing decision. Walker *45 v. State, 462 So.2d 452, 454 (Fla.1985). Although the findings do not have to be reduced to a writing, a trial court must make the findings during a reported judicial proceeding. Johnson v. State, 564 So.2d 1174, 1175 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 288 (Fla.1991). Unlike the previous version of section 775.084, the current version of the statute does not require a finding that the defendant is a threat to public safety. Id.; Tibbets, 582 So.2d at 76.
In the subject appeal, the trial court made the necessary findings under section 775.084(1)(b) to classify Tibbetts a habitual violent felony offender. The trial court’s order is a good example of the manner in which a trial court should set forth its findings. The trial court found that Tib-betts had committed his instant offense within five years of his previous felony convictions and within five years of his last release from prison. The court also found that Tibbetts had not been pardoned and had not received any postconviction relief for his prior felony convictions. Accordingly, the trial court is affirmed.
AFFIRMED.
ANSTEAD and GUNTHER, JJ„ and JAMES E. ALDERMAN, Senior Justice, concur.