604 So.2d 876 (1992)
Michael C. KNICKERBOCKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-3134, 90-3312.
District Court of Appeal of Florida, First District.
August 21, 1992.
Rehearing Denied September 29, 1992.
*877 George F. Schaefer, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In these two consolidated cases, appellant seeks review of his convictions for three counts of sexual battery, burglary, kidnapping and attempted trespass; and of the sentences imposed for those offenses. We conclude that all of the fourteen issues and sub-issues addressed to appellant's convictions are without merit, and that none requires discussion. Accordingly, we affirm all of appellant's convictions without further comment. However, we are constrained to reverse the sentences imposed for the sexual battery, burglary and kidnapping convictions, and to remand to the trial court for resentencing.
In Case No. 89-3257-CF, appellant was convicted of three counts of sexual battery by use of, or threats to use, a deadly weapon or by actual use of physical force likely to cause serious personal injury, in violation of Section 794.011(3), Florida Statutes (1987); armed burglary, with an assault, in violation of Section 810.02(2)(a) and (b), Florida Statutes (1987); and kidnapping, in violation of Section 787.01(2), Florida Statutes (1987). The trial court sentenced appellant, as an habitual violent felony offender, to life in prison for each offense, the five sentences to run consecutively to each other. Appellant challenges these sentences on three grounds: (1) the convictions are not subject to the enhanced sentencing provisions of the habitual offender statute [§ 775.084, Fla. Stat. (Supp. 1988)]; (2) the trial court failed to make the required findings before concluding that appellant was an habitual violent felony offender; and (3) because all of the convictions arose out of a single criminal episode, there is no authority for the imposition of consecutive sentences.
Burglary during which an assault is committed, or while armed with a deadly weapon, is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. Section 810.02(2)(a), (b), Fla. Stat. (1987). The same is true of kidnapping. Section 787.01(2), Fla. Stat. (1987). It is now clear that a sentence for a first-degree felony punishable by imprisonment for a term of years not exceeding life may be enhanced pursuant to the habitual offender statute. Burdick v. State, 594 So.2d 267 (Fla. 1992). Accordingly, insofar as the burglary and kidnapping convictions are concerned, appellant's first argument lacks merit.
The three sexual battery convictions are all life felonies. Section 794.011(3), Fla. Stat. (1987). The supreme court has not yet addressed the issue of whether a sentence for a life felony may be enhanced pursuant to the habitual offender statute. However, this court has held that it may not be. See, e.g., Conley v. State, 592 So.2d 723 (Fla. 1st DCA 1992); Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1991); Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990). The Second, Fourth and Fifth Districts have reached the same conclusion. See, e.g., McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991); Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991), review dismissed, 593 So.2d 1049 (Fla. 1992); Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990). Only the Third District has concluded that a sentence for a life felony is subject to enhancement pursuant to the habitual offender statute. Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992) (en banc). Accordingly, we conclude that it was error to enhance appellant's three sexual battery sentences pursuant to the habitual offender statute.
The habitual offender statute requires that certain findings of fact be made before the enhanced penalties afforded by that statute may be applied. Section 775.084(3)(d), Fla. Stat. (Supp. 1988). See, e.g., Walker v. State, 462 So.2d 452 (Fla. 1985); Eutsey v. State, 383 So.2d 219 (Fla. 1980). Moreover, "the trial court's failure to make such findings is appealable regardless of *878 whether such failure is objected to at trial." Walker, at 454. The state concedes that the trial court failed to make the required findings. Accordingly, appellant's sentences as an habitual violent felony offender must be reversed, and the case remanded for resentencing.
Regarding appellant's final argument directed to his sentences, we conclude that the trial court clearly possessed the power to impose consecutive sentences, notwithstanding the fact that all of the convictions arose out of the same criminal episode. Section 775.021(4), Fla. Stat. (Supp. 1988). See Marshall v. State, 596 So.2d 114 (Fla. 2d DCA 1992). We note, however, that should the trial court again decide to sentence appellant as an habitual violent felony offender for the burglary and kidnapping convictions, it is obliged to impose 15-year mandatory minimum sentences. Section 775.084(4)(b)1., Fla. Stat. (Supp. 1988). Those mandatory minimum sentences must be imposed concurrently, rather than consecutively. Daniels v. State, 595 So.2d 952 (Fla. 1992).
In summary, we affirm both the conviction and the sentence in Case No. 89-3161-CF (the attempted trespass case). In Case No. 89-3257-CF, we affirm all of appellant's convictions. However, we reverse appellant's sentences in the latter case, and remand for resentencing. On remand, the trial court is directed to impose guidelines sentences for the three sexual battery convictions. The trial court may again sentence appellant as an habitual violent felony offender for the burglary and kidnapping convictions, provided that it makes the required findings of fact. Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1992). Finally, we certify the following question, which we believe to be of great public importance:
MAY A SENTENCE FOR A LIFE FELONY BE ENHANCED PURSUANT TO THE PROVISIONS OF THE HABITUAL OFFENDER STATUTE?
CASE NO. 89-3161-CF AFFIRMED. CASE NO. 89-3257-CF AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN, MINER and WEBSTER, JJ., concur.