PER CURIAM.
Desi A. Barfield has appealed from sentencing as an habitual offender following his conviction of sale and possession of cocaine. We reverse and remand for resen-tencing.
Following Barfield’s conviction, the state filed notice of its intent to seek habitual felony offender sentencing, and introduced two qualifying convictions, one in 1986 and one in 1989. The evidence at sentencing showed that Barfield was on probation for the 1986 offense at the time of the 1989 offense, that he completed his sentence for the 1989 offense and resumed the 1986 probationary term, and that he was serving that probationary term when he committed the instant crimes. Based on the foregoing evidence, the trial court herein found generally that Barfield “[met] the various ... criteria of habitual offender,” and imposed an habitual offender sentence.
The habitual offender statute requires that certain findings of fact be made before the enhanced penalties afforded by that statute may be applied. Section 775.-084(3)(d), Fla.Stat. (1989). Further, the Supreme Court has found that the legislature intended that those findings of fact be made with specificity. Walker v. State, 462 So.2d 452, 454 (Fla.1985). The trial court’s general finding that Barfield met the “various” criteria for habitual offender classification does not meet the foregoing statutory requirement. Therefore, the sentence imposed herein is reversed, and the case remanded for resentencing. See also Knickerbocker v. State, 604 So.2d 876 (Fla. 1st DCA 1992); Rome v. State, 603 So.2d 723 (Fla. 1st DCA 1992).
Reversed and remanded for resentenc-ing.
JOANOS, C.J., and ERVIN and ZEHMER, JJ., concur.