PER CURIAM.
Bruce A. Gaines has appealed from sentencing as an habitual felony offender, following his conviction of grand theft. We reverse, and remand for resentencing.
At the sentencing hearing following Gaines’ conviction, the state presented certified copies of seven prior felony convictions. The trial court orally found that Gaines had prior felony convictions, section 775.084(l)(a)l., Florida Statutes, but did not find that the current felony was committed within five years of the date of conviction of the last prior felony, that Gaines had not been pardoned for any qualifying offense, nor that none of the qualifying offenses had been set aside in a post-conviction proceeding. Sections 775.084(l)(a)2.-4., Fla. *1031 Stat. The court then found Gaines qualified as an habitual felony offender, and sentenced him as such.
The habitual offender statute requires that the findings enumerated in section 775.084(l)(a) be made by a preponderance of the evidence before the enhanced penalties afforded by that statute may be applied. Section 775.084(3)(d), Fla.Stat. The Supreme Court has found a legislative intent that the findings be made with specificity. Walker v. State, 462 So.2d 452, 454 (Fla.1985). A review of the record shows that the trial court made no findings, specific or otherwise, on three of the four enumerated factors. Therefore, the habitual offender sentence imposed herein must be reversed, and the case remanded for resentencing. See Knickerbocker v. State, 604 So.2d 876 (Fla. 1st DCA 1992); Rome v. State, 603 So.2d 723 (Fla. 1st DCA 1992); Barfield v. State, 605 So.2d 569 (Fla. 1st DCA 1992).
Reversed and remanded for resentenc-ing.
JOANOS, C.J., and ERVIN and ALLEN, JJ., concur.