BARFIELD, Judge,
dissenting.
At the time of sentencing the state placed in evidence certified copies of several prior felony convictions to support the application of the habitual felony offender enhancement. In addition, a certificate from the Coordinator of the Office of Executive Clemency for the State of Florida was placed in evidence stating that she had researched the state’s records and found no pardon of any kind having been granted to the appellant in connection with a conviction. The trial judge, on the record, concluded that the state had met the criteria for proving defendant an habitual offender. The defendant said nothing with respect to this status determination. Defendant made no objection and voiced no complaint.
This case again illustrates the patent absurdity of this court’s position in the cited cases in the majority opinion, and its misunderstanding and misapplication of the concept of “fundamental” error.
Reliance on Walker v. State, 462 So.2d 452 (Fla.1985), is misplaced as the court has failed to recognize that the conflict that gave rise to Walker was a provision of section 775.084 since repealed by the legislature. That repealed section, formerly section 775.084(3), required a separate proceeding in which the court was to consider the necessity for the protection of the public to sentence the defendant to an extended term of imprisonment. This somewhat subjective consideration rightfully required proof of matters less certain and predictable than publication of public records. It required more studied judgment and explanation than the more mechanical application of the present law.
We should more closely heed the words of the supreme court in Eutsey v. State, 383 So.2d 219 (Fla.1980). While dealing with the same statute present in Walker, and after devoting lengthy analysis to the levels of proof required, entitlement to jury trial, and objective requirements of the recidivist statute, the court disposed of the very issue presented in this case with the following sentence:
We also reject his contention that the State failed to prove that he had not been pardoned of the previous offense or that it had not been set aside in a post-conviction proceeding since these are affirmative defenses available to Eutsey rather than matters required to be proved by the State.
Id. at 226.
I respectfully dissent.
ON APPELLEE’S MOTION FOR CERTIFICATION
PER CURIAM.
On consideration of appellee’s motion for certification, we agree that the same ques *59 tion certified in Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992), should be certified to the supreme court, and we hereby do so.
ERVIN, ZEHMER, and BARFIELD, JJ., concur.