203 So.2d 160 (1967)
STATE of Florida, Petitioner,
v.
Robert Lee DAVIS, Respondent.
No. 35974.
Supreme Court of Florida.
October 11, 1967.
*161 Earl Faircloth Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for petitioner.
Robert L. Koeppel, Public Defender, and Alan R. Schwartz, Special Asst. Public Defender, for respondent.
THORNAL, Justice.
By a petition for a writ of certiorari, buttressed by a certificate "of great public interest," we are requested to review a decision of a District Court of Appeal.
The respondent, Robert Lee Davis, was tried without a jury in Dade County, and adjudged guilty of possessing a pistol after having been previously convicted of a felony, contrary to Fla. Stat. 790.23, F.S.A. The Third District Court of Appeal reversed the judgment of the trial court. Davis v. State, 191 So.2d 440 (3d D.C.A. Fla. 1966). Jurisdiction here is grounded on the certificate of the District Court, certifying a question "of great public interest" as follows: "Whether a defendant in a recidivist proceeding may defend by challenging the validity of a prior conviction which is alleged as an element of the offense charged?" See Fla. Const. Art. V, § 4, F.S.A.
*162 The state's case against Davis rested upon evidence of his possession of a pistol and a record of his conviction for robbery in 1946 in Hillsborough County. During the course of the proceeding in Dade County, Davis indicated that he desired to attack the validity of his prior conviction in Hillsborough County. The trial court stayed the proceeding in Dade County to give Davis an opportunity to do so. Davis' efforts in Hillsborough County were unsuccessful, apparently because he was not still in custody under the particular judgment that he assaulted there. Although it appeared in the record of the subsequent proceeding in Dade County that Davis' 1946 conviction had been obtained without counsel or competent waiver of counsel, the Dade court refused to sustain these objections to the validity of that conviction. The trial judge felt that Davis could not collaterally attack the Hillsborough judgment in the Dade County proceeding.
Davis is not technically a recidivist as we understand the meaning of that word. A recidivist is one charged with the commission of a crime, who has previously been convicted of another crime. He is a repeater. Ballentine, Law Dictionary, 1094 (2d ed. 1948). The fact that the alleged recidivist has committed a previous felony is not determinative of his guilt or innocence of the later offense. The state must prove the elements of the subsequent crime without regard to the first offense. The fact that there was a former offense becomes relevant only in determining the degree of punishment that the recidivist must suffer. Sec. 775.09-775.11 Fla. Stat., F.S.A. (1965); State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228 (1924); Dade County v. Molony, 175 So.2d 238 (3d D.C.A.Fla. 1965).
Davis was charged with possession of a pistol after he had been convicted of a felony. This crime cannot be committed unless the individual charged is an ex-felon. His prior conviction is a substantive element of the crime charged. Its relevancy is not restricted solely to a determination of the extent of sentence to be served as it would be in a true recidivist proceeding. Davis was simply charged with committing a crime, albeit an essential element was proof of commission of a prior felony.
The District Court treated the prior conviction just as any other factual element of a crime. It felt that since the defendant had introduced evidence that he lacked counsel at his prior conviction, the state had the burden to rebut that evidence, or fail in its case.
In a true recidivist situation we have held that the state must establish that the accused was previously adjudged guilty of a felony by a court of competent jurisdiction. Shargaa v. State, 102 So.2d 809 (Fla. 1958). Ordinarily, also, the record of the court of prior conviction is sufficient, without more, to make a prima facie case on the point. The prior judgment duly entered precludes any subsequent assault on its merits. However, in a case such as the one at bar where the existence of a valid, as distinguished from a correct, prior judgment is an essential factual element of the crime charged, then the organic validity of the prior judgment may be brought into question in the trial on the subsequent charge. Evidence of the details of the prior offense is not admissible. The relevant aspect of the former conviction is simply its organic validity. For example, it could be shown that the judgment was obtained in a court that lacked jurisdiction, or that it was otherwise so fundamentally defective that it could not constitutionally support a conviction. In this posture, the prior case is not being retried on its merits. The judgment which it produced is merely being subjected to the test of admissibility by applying standards of organic validity.
Ordinarily, a final judgment of a court of record is accorded the sanctity of presumed validity when tendered in evidence in another court. This is no mere courtesy. It is a traditional aspect of the *163 due recognition extended to the terminal adjudications of competent courts.
However, here the state relies upon the validity of a prior judgment as the essential basis for condemning otherwise lawful conduct. The existence of such a judgment is a fact to be proved as an indispensable condition to conviction of the crime charged. At this phase the state's burden is discharged when a record of the prior conviction is offered in evidence. Thereupon, the defendant should be accorded the privilege of meeting the state's evidence by establishing the invalidity, and therefore the evidentiary incompetency, of this essential aspect of the state's case.
The validity of the prior judgment will, in these circumstances, be a mixed question of law and fact to be determined by the trial judge out of the presence of the jury. The procedure to be followed should be by pre-trial motion to suppress the evidence of the alleged prior conviction. It may be analogized to the traditional motion to suppress evidence obtained as the result of an alleged illegal search or involuntary confession and should be handled by the trial judge in the manner provided in recently approved Cr. PR 1.190 (h) and Cr. PR 1.190 (i). By adopting this procedural device we avoid the confusion of issues and undue prejudice which sometimes condemns otherwise relevant evidence. Shargaa v. State, 102 So.2d 814 (Fla. 1958); Wigmore on Evidence § 1864 (2d ed. 1923). The approach which we here approve has, in a measure, been signaled by the Second District Court of Appeal. State v. Dixon, 193 So.2d 62 (2d D.C.A.Fla. 1967). Some of the due process problems that inher in the handling of this type of evidence are suggested by the decision of the Supreme Court of the United States in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).
For the reasons above stated, as well as those announced in the opinion under review, the decision of the District Court of Appeal and its ultimate judgment are approved. The question certified having been answered, the writ of certiorari is discharged.
It is so ordered.
ROBERTS, DREW and O'CONNELL, JJ., concur.
THOMAS, Acting C.J., dissents.