PER CURIAM.
Micheál McClendon appeals an order denying his motion for post-conviction relief. One of the grounds McClendon asserts in the motion is that his trial, counsel was ineffective in that he failed to present evidence of McClendon’s prior record that would have shown that he did not meet the criteria for habitual offender sentencing. McClendon alleges that the court relied on a 1986 conviction that the presentence investigation report showed to be a felony to sentence him as a habitual felony offender, but that the report was erroneous in that the 1986 conviction was actually a misdemeanor. He states that the transcript of the plea hearing will substantiate his claim and that he informed his counsel that the presentence investigation report was erroneous, but that his counsel failed to object to its accuracy and supplement the record with a transcript of the plea hearing. In the order denying the motion, the trial court merely stated that McClendon was properly sentenced as a habitual felony offender because he had previously been convicted of 2 felonies and the instant felony was committed within 5 years of the date of conviction of the last prior felony. The court did not attach copies of any portions of the record to the order.
If McClendon’s assertion is true, he has a viable ineffective assistance of counsel claim because he has been prejudiced by his counsel’s failure to show the *608 court that he did not meet the criteria for being sentenced as a habitual felony offender. Because the trial court failed to attach to the order portions of the record that conclusively refute this claim, we reverse and remand with directions to reconsider the issue and either attach those portions of the record that conclusively refute McClendon’s allegations or, if the record does not conclusively refute those allegations, conduct an evidentiary hearing on this issue. Van Meter v. State, 527 So.2d 306 (Fla. 1st DCA1988).
We affirm the trial court’s denial of the remaining grounds as such grounds are legally insufficient to support a claim for post-conviction relief.
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, WOLF and KAHN, JJ., concur.