606 So.2d 709 (1992)
William V. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2961.
District Court of Appeal of Florida, First District.
October 14, 1992.
*710 Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Tallahassee, for appellee.
EN BANC
JOANOS, Chief Judge.
The appellant raises one issue in this appeal. Appellant complains that the trial court erred in imposing habitual felony offender sentences without finding, under section 775.084(1)(a)4., Florida Statutes (1989), that the predicate convictions required for imposition of the habitual offender sentences had not been set aside in post-conviction proceedings. We reverse.
Appellant was convicted of attempted burglary of a dwelling and possession of burglary tools. The state sought to have appellant sentenced as an habitual offender. At the sentencing hearing the State presented evidence that appellant had two prior felony convictions, including the dates of those convictions. The State also presented evidence that appellant had not been pardoned for any of the previous convictions. The trial court made the following findings:
[U]nder the record presented Mr. Jones is a habitual offender. He has the appropriate prior number of convictions. At least two of those convictions are for burglar[y], and the other for introduction of contraband into a state facility. Those are all felonies, they are timely in the sense of the way they've been presented and have not been excused by the document presented over the signature of the then governor of the state.
Appellant was adjudicated to be a habitual felony offender and sentenced to consecutive five year prison sentences.
*711 Our analysis starts with the habitual felony offender statute. Section 775.084 provides in pertinent part:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
.....
(3) ... The procedure shall be as follows:
.....
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
As noted, appellant's sole point on appeal is that the trial court failed to make the finding required by section 775.084(1)(a)4., i.e., that his prior convictions had not been set aside in any post-conviction proceedings.
In our opinion, the mandate of section 775.084(1)(a) is unequivocal. The sentencing court must make a specific finding that the defendant meets each of the criteria of the statute. Walker v. State, 462 So.2d 452, 454 (Fla. 1985); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), review pending, Case No. 79,535. The failure to make such findings constitutes reversible error. Id. The supreme court's opinion in Walker is particularly instructive. The sole issue on appeal in that case was the trial court's alleged failure to "state, as required by statute, the findings upon which he based [the] decision to [impose an habitual offender sentence]." The supreme court rejected the State's argument that an objection was required stating:
We hold that the findings required by section 775.084 are critical to the statutory scheme and enable meaningful appellate review of these types of sentencing decisions. Without these findings, the review process would be difficult, if not impossible. It is clear that the legislature intended the trial court to make specific findings of fact when sentencing a defendant as a habitual offender.
Moreover, the supreme court specified that:
Given this mandatory statutory duty, the trial court's failure to make such findings is appealable regardless of whether such failure is objected to at trial.
Id. at 454.
In this case there is no question that the trial court did not make the finding required by section 775.084(1)(a)4. The State's sole argument in opposition to appellant's argument is that appellant "admitted, at least by implication, that he qualified for sentencing as an habitual offender." In support of that argument the State refers to the following excerpt from the sentencing hearing:
THE COURT: Is he contesting either of these prior 
[DEFENSE COUNSEL]: Neither of those two, Your Honor, is that correct, Mr. Jones?
[MR. JONES]: Right.
THE COURT: All right. That's a sufficient factual basis for at least the state to request habitual offender.
In our opinion that is not an admission, even implicitly, that appellant qualified as an habitual offender. It is an admission that the appellant had two prior felony *712 convictions. It was not an admission that those convictions had not been set aside. Under section 775.084(1)(a) the trial court is required to make four separate findings. One of those findings is that appellant has two prior felony convictions. Another separate finding is that those convictions have not been set aside.
The dissent argues that our decision in this case and Anderson, upon which appellant relies, are not a proper application of the statute in light of the supreme court's decision in Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980). The dissent asserts that Eutsey obviates the need for the findings mandated by the statute unless the appellant (defendant) presents some evidence that the prior convictions have been set aside. In our opinion that is not a proper reading of Eutsey.
In Eutsey the defendant was tried and convicted of burglary of a dwelling. The trial court conducted a hearing to determine whether Eutsey qualified for sentencing as an habitual offender. The trial court, over Eutsey's general objection, admitted into evidence a presentence investigation containing hearsay.[1] At the conclusion of the hearing, the trial court specifically found:
... that Eutsey is the same person who was convicted of attempted robbery ... that he is the same person who was convicted ... of burglary in the present case; ... that the latter conviction was within five years of the earlier conviction, . .. that Eutsey had not received a pardon and that his conviction had not been set aside in post-conviction relief proceedings.
Id. at 223. On appeal Eutsey argued, among other things, "that the evidence was insufficient to declare him an habitual offender" and that "the State failed to prove he had not been pardoned ... or [the prior conviction] ... had not been set aside in a post-conviction proceeding... ." Id. at 226. The supreme court rejected the latter argument stating "these are affirmative defenses available to Eutsey, rather than matters required to be proved by the State." Id. at 226. While that language, without more, appears to support the dissent's argument, we believe that language must be read within the factual context of the case and as tempered by the supreme court's decision in Walker five years later, which decision did not mention Eutsey.[2] In Eutsey the trial court made the required findings and the issue was whether there was evidence to support the findings. In this case the issue is not whether there is sufficient evidence to support a finding, had a finding been made by the trial court, but rather whether the lack of a finding altogether requires reversal. Walker and Whitfield unequivocally hold that it does. We do not have authority to rewrite the statute or overrule the supreme court. Were the issue a question of whether there was sufficient evidence to support such a finding, Eutsey might control.[3]
By our opinion in this case and Anderson we do not mean to suggest or require that the state jump through some useless or impossible hoop so that the court can make the required finding. In our opinion the State's burden of going forward with sufficient evidence to support the required finding is minimal. As the Supreme Court's opinion in Eutsey makes clear, hearsay evidence is sufficient. Although we are not actually faced with the issue in this case, since we are remanding this matter for resentencing we offer the following guidance to the trial court. We believe that proof of the prior convictions *713 such as by introduction of duly certified copies of the judgments is sufficient evidence to meet the state's burden and shift the burden of proof to defendant. See State v. Davis, 203 So.2d 160 (Fla. 1967). That case held that in proving possession of a weapon by a convicted felon, the state's burden with regard to the prior conviction is discharged when a record of the prior conviction is placed in evidence; thereafter the defendant must establish the invalidity of the conviction. Id. at 163. We believe that if Walker and Eutsey are construed together the same rule of law results. Once the state puts into evidence competent proof of the prior conviction, the trial court can presume it to still be valid, absent contrary evidence from the defendant, and that presumption is a sufficient basis for the trial court to find that the conviction has not been set aside. As in Anderson, we certify the following question to the supreme court as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980) that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are "affirmative defenses available to [a defendant]," Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
We reverse appellant's habitual offender sentences and remand this matter to the trial court for further proceedings consistent with this opinion.
ERVIN, SMITH, SHIVERS, WIGGINTON, ZEHMER and MINER, JJ., concur.
ALLEN, J., dissents with opinion in which BOOTH, BARFIELD, WOLF, KAHN and WEBSTER, JJ., concur.
ALLEN, Judge, dissenting.
The appellant does not now assert that his conviction of a predicate offense was ever set aside and he did not make that assertion at the sentencing hearing in the trial court. Although Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), supports the appellant's claim of error, I would recede from Anderson, affirm the appellant's sentences, and hold that when a defendant has not asserted the affirmative defense referred to in section 775.084(1)(a)4, a trial judge does not reversibly err by failing to make a finding of fact under that subparagraph before imposing a habitual felony offender sentence.
The supreme court in Parker v. State, 546 So.2d 727 (Fla. 1989), and Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980), held that the findings mandated by section 775.084 must be made on the record in a reported judicial proceeding. The court again stressed the importance of the findings in Walker v. State, 462 So.2d 452, 454 (Fla. 1985).
Interpreting Parker and Walker, we held in Anderson that a trial court committed reversible error when it failed to make the findings specified in 775.084(1)(a)3 and 4. On rehearing, the state argued that the trial court is obligated to make the section 775.084(1)(a)3 and 4 findings only where the defendant has affirmatively raised the argument that a predicate conviction has been pardoned or set aside. The state relied upon Eutsey, which held that the matters referenced in section 775.084(1)(a)3 and 4 are affirmative defenses to be raised by the defendant. We rejected the state's rehearing motion primarily because the statute appears to require the referenced findings in mandatory terms.
In my view, Anderson is not a proper application of the statute in light of the supreme court's Eutsey decision. Simply stated, section 775.084(1)(a)3 and 4 should not be construed to require a trial judge to make findings of fact upon issues about which he has heard no testimony because the defendant never raised the matters as affirmative defenses. When a defendant asserts that a predicate offense has been *714 pardoned or set aside, the trial judge will have the opportunity to consider evidence relevant to that assertion and he will be able to make a finding concerning whether the affirmative defense has been proved. Absent such an assertion, the record typically contains no evidence upon which the trial judge could make the findings specified in section 775.084(1)(a)3 and 4.
Walker explains that the statute requires findings of fact prior to imposition of a habitual felony offender sentence in order to "enable meaningful appellate review of these types of sentencing decisions." Walker, 462 So.2d at 454. Findings of fact allow the appellate court to determine whether the trial judge considered and decided each issue which was subject to proof at the sentencing hearing. But there is no need for findings relating to issues which were not subject to proof below. Because the appellant did not raise it, the section 775.084(1)(a)4 issue was not subject to proof in the trial court. Therefore, a finding of fact under the subparagraph would not aid our review of the appellant's sentences.
Finally, even if the statute is construed to require a section 775.084(1)(a)4 finding under the circumstances presented here, any failure to make the finding before imposing a habitual felony offender sentence is necessarily harmless error. See Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986) ("[T]he trial court committed harmless error, if any error at all, in failing to recite the specific finding that Myers had not been pardoned or received post-conviction relief from his last felony conviction since this finding was fully supported by the record.") In light of the Eutsey decision and the appellant's failure to assert that a predicate conviction has been set aside, it might be said that the record in this case also provides support for a finding that the appellant's conviction has not been set aside. In any event, it is clear that a contrary finding is precluded. Under these circumstances, any error in failing to make a finding under section 775.084(1)(a)4 could not have affected the trial court proceedings.
NOTES
[1] Although the opinion is not explicit, the PSI apparently contained hearsay statements that Eutsey had a prior felony conviction (at the time of Eutsey's sentence only one prior felony conviction was required for habitual felony offender sentencing). In our experience this is not an uncommon means for the state to prove the predicate felony convictions. E.g., McClendon v. State, 603 So.2d 607 (Fla. 1st DCA 1992).
[2] The supreme court reaffirmed Walker a year later in State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986), stating that without the requisite statutory findings the sentence is illegal.
[3] The dissent also relies on Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986). We recede from Myers to the extent it holds that the findings set forth in section 775.084(1)(a) are not required or the failure to make them is harmless.