PER CURIAM.
Appellant seeks review of his sentence as an habitual felony offender following his plea of nolo contendere in circuit court case number 90-348 to the offenses of burglary of a dwelling and resisting arrest without violence. Appellant also seeks review of the sentences imposed upon violation of probation in circuit court case number 87-4865. We reverse and remand for resen-tencing.
In case number 87-4865, appellant was sentenced to four years’ imprisonment for burglary. He was also sentenced to two years' probation for grand theft, to run consecutively to the term of imprisonment. In March 1990, an affidavit of violation of probation was filed in case number 87-4865, alleging that appellant tried to break into a residence and resisted a law enforcement officer without violence. Appellant’s probation was revoked and the trial court sentenced him to seven years’ imprisonment on each count, with the sentences to run concurrently with the sentence for the current offense of burglary.
The trial court erred in revoking probation and imposing a sentence on the burglary count. Appellant was not placed on probation for burglary and had served the four-year term of imprisonment. The seven-year sentence for burglary, imposed upon revocation of probation, is reversed. The seven-year sentence imposed for grand theft exceeds the five-year statutory maximum sentence for this offense. This sentence is reversed and we remand for resen-tencing on the violation of probation.
In case number 90-348, the trial court adjudged appellant to be an habitual felony offender and sentenced him to six years’ imprisonment for burglary of a dwelling. Appellant was sentenced to one year for resisting arrest without violence, to run concurrent with the sentence for burglary. Appellant argues that the trial court erroneously imposed an habitual offender sentence without sufficient findings. Specifically, appellant argues the trial court failed to make findings regarding which convictions were obtained within the five-year period, whether he has received a pardon for any crime necessary for the operation of section 775.084, and whether any crime necessary for the operation of this section has been set aside in any post-conviction proceeding.
We are constrained to follow the majority’s decision in Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992), and accordingly reverse appellant’s sentence and remand for resentencing. The trial court, on resen-tencing, may reconsider the appellant’s habitual felony offender status and reimpose that status after making specific findings of fact as required by the statute. As in Jones, we certify the following question as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla.1980), that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are “affirmative defenses available to [a defendant],” Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
REVERSED and REMANDED.
BOOTH, BARFIELD and ALLEN, JJ., concur.