PER CURIAM.
In this case, appellant pled nolo conten-dere to charges of sale of cocaine and possession of cocaine with intent to sell. The state filed a notice of intent to seek habitual offender sentencing, and agreed to recommend a ten year cap to the sentence. At the sentencing hearing, the state introduced certified copies of four prior felony convictions in 1988 and 1990, without objection from defense counsel. The judge stated:
Mr. Pride, you have been convicted of two or more felonies within the — in this state which several were in five years. You’ve not received a pardon, nor have they been set aside post-conviction relief (sic). You do qualify as a habitual offender and I say — determine that you are, and shall be sentenced as such.
Appellant was sentenced to concurrent ten year terms.
The Public Defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no good faith argument could be made that the trial court reversibly erred. We find the issues presented in appellant’s pro se brief to be meritless. However, because the pro se brief and the state’s “Motion for Clarification” raised a question concerning the legality of the habitual offender sentence, we deny the state’s motion to dismiss this appeal.
The record shows that the trial judge properly made the four findings required by section 775.084(l)(a), Florida Statutes (1989). We therefore AFFIRM the habitual offender sentences imposed. Eutsey v. State, 383 So.2d 219 (Fla.1980). See Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992).
BOOTH, BARFIELD and MINER, JJ., concur.