PER CURIAM.
We affirm appellant’s convictions for burglary of a dwelling and petit theft finding that they are supported by the evidence and the law. However, appellant’s 30-year habitual offender sentence for the burglary must be reversed and the cause remanded for resentencing on that count because the trial court failed to make the finding required by section 775.084(1)(a)4., Florida Statutes (1989) that appellant’s prior felony convictions had not been set aside in any post-conviction proceeding. Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) (en banc). Pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as one of great public importance:
DOES THE HOLDING IN EUTSEY V. STATE, 383 S0.2D 219 (FLA.1980) THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN SET ASIDE, IN THAT THIS IS AN AFFIRMATIVE DEFENSE AVAILABLE TO [A DEFENDANT], EUTSEY AT 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THIS FACTOR, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN SET ASIDE?
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
SMITH, WIGGINTON and WOLF, JJ., concur.