PER CURIAM.
Howard L. Clinton has appealed his sentence as an habitual offender, following his plea of nolo contendere to grand theft. He alleges that the trial court erred in failing to make any of the findings required by section 775.084(l)(a), Florida Statutes (1989). We reverse and remand for resen-tencing.
In March 1991, Clinton tendered a plea of nolo contendere to grand theft, in return for a maximum sentence of five years, and a recommendation by the state for habitual offender classification. The court accepted the plea and sentenced Clinton in accordance therewith as an habitual offender. The trial judge made none of the findings required by section 775.084(l)(a), either orally or in writing, and Clinton did not object to the omission. He now argues that reversal and remand for resentencing is required by that omission, and that he should have been allowed to withdraw his plea, in that the habitual offender sentence was contrary to the plea agreement.
A court sentencing a defendant as an habitual offender must make a finding that the defendant meets each of the criteria of section 775.084(l)(a). The failure to do so is reversible error, regardless of objection below. Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) (en banc), citing Walker v. State, 462 So.2d 452, 454 (Fla. 1985). We therefore reverse the habitual offender sentence imposed herein, and remand for resentencing.[1]
Reversed and remanded for resentenc-ing.
JOANOS, C.J., and ALLEN and WOLF, JJ., concur.

. Clinton’s argument that an habitual offender sentence was inconsistent with the plea agreement is without merit, in that the plea agreement indicated that the state would recommend habitual offender sentencing. Nothing therein prevented the trial court from sentencing in accordance with that recommendation.