PER CURIAM.
Rodney G. Henderson has appealed from the imposition of an habitual offender sentence, following his plea of nolo contendere to burglary in return for a three-year habitual offender sentence. He alleges that the sentence must be reversed, in that there was no evidence to support the trial court’s findings as to section 775.084(l)(a)3. and 4., Florida Statutes (1989). We affirm.
At the sentencing proceeding following the trial court’s acceptance of Henderson’s •plea, the state presented certified copies of the prior felony convictions required by section 775.084(l)(a)l., which Henderson stipulated were valid. The trial judge sentenced Henderson consistently with the plea agreement as an habitual offender, and later entered a written order making all of the findings set forth at section 775.-084(l)(a)l.-4., i.e., Henderson had the requisite prior felony convictions, the instant crime was committed within five years of the last prior felony conviction, and the prior felonies had been neither pardoned nor set aside in post-conviction proceedings.
Henderson argues on appeal that the sentence must be reversed in that there was no evidence to support the findings as to section 775.084(l)(a)3. and 4. However, this court recently held in Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) that, once the state provides competent proof of the requisite convictions, such as by introducing certified copies of the prior judgments, the burden shifts to the defendant to provide evidence to the contrary. If he does not, the trial court can presume the convictions still to be valid, which presumption is a sufficient basis for a finding that the convictions have not been set aside or pardoned. Jones at 713.
In this case, the state introduced certified copies of the prior felony judgments on which it intended to rely, and Henderson presented no contrary evidence. Indeed, he stipulated to the validity of the convictions. Therefore, under Jones, the trial court could presume the convictions still to be valid, which presumption was a sufficient basis for its findings that they had not been pardoned or set aside. We therefore affirm the habitual offender sentence imposed herein.
Affirmed.
JOANOS, C.J., and ALLEN and WOLF, JJ., concur.