610 So.2d 517 (1992)
Joey WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2647.
District Court of Appeal of Florida, First District.
November 19, 1992.
On Motion for Clarification and Suggestion for Certification December 31, 1992.
*518 James C. Banks, Special Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his convictions of three counts of sale of a controlled substance and one count of possession of a controlled substance with intent to sell, and his sentences as an habitual offender of 30 concurrent years on each count. We affirm the convictions but reverse the sentences and remand for resentencing.
In sentencing appellant as an habitual offender, the trial judge failed to make a specific finding that he meets each of the criteria of section 775.084(1)(a) (1989). As this court recently declared in Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992): "The failure to make such findings constitutes reversible error." Therefore, appellant's sentences are hereby reversed and this cause is remanded for resentencing in compliance with section 775.084.
ERVIN and ZEHMER, JJ., concur.

OPINION ON MOTION FOR CLARIFICATION AND SUGGESTION FOR CERTIFICATION
WIGGINTON, Judge.
The state has filed a motion asking this court to certify to the supreme court the question certified in Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992). We grant the motion and, as in Jones, certify to the supreme court the following question of great public importance:
DOES THE HOLDING IN EUTSEY V. STATE, 383 So.2d 219 (FLA. 1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE "AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT]," EUTSEY AT 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS THE DEFENSE, THAT THE QUALIFYING CONDITIONS PROVIDED BY THE STATE HAVE BEEN PARDONED OR SET ASIDE?
ERVIN and ZEHMER, JJ., concur.