ON REMAND
PER CURIAM.
Appellant initially raised three alleged trial court errors, all related to habitual offender sentencing. He contended that the court failed to make the specific findings required by section 775.084, Florida Statutes, that it imposed an excessive habitual offender sentence for a third degree felony, and that it improperly imposed habitual offender sentences for misdemeanors. The state conceded that the fifteen year sentence for the third degree felony must be reduced to ten years, the statutory maximum sentence. It suggested that the written order, which reflects that appellant received habitual offender sentences for the two misdemeanors, contained a “scrivener’s error” which should be corrected to conform to the oral pronouncements at sentencing.
As to the first issue, the record showed that the state had introduced certified copies of the prior convictions and a certificate that appellant had not been pardoned. The state argued that defense counsel’s admission that appellant qualified for habitual offender sentencing obviated the need for specific findings on the statutory factors, and constituted a waiver of appellant's right to appeal a "purely technical error.” On this issue, we were constrained to follow Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992), an en banc opinion which required reversal of habitual offender sentences when the trial court failed to make the specific findings required by the habitual offender statute, but we certified the question, see Peek v. State, 610 So.2d 5 (Fla. 1st DCA 1992).
In State of Florida v. James Tommy Peek, 616 So.2d 50 (Fla.1993), the supreme court quashed our opinion and remanded for proceedings consistent with State v. Rucker, 613 So.2d 460, 462 (Fla.1993), in which it held that when the state introduces unrebutted evidence of the defendant’s prior convictions, e.g., certified copies, “a court may infer that there has been no pardon or set aside. In such a case, a court’s failure to make these ministerial findings is subject to harmless error analysis.”
In accordance with the supreme court’s mandate, we find that the trial court’s failure to make the specific findings required *435 by the habitual offender statute was harmless error. However, we REVERSE the sentences for the third degree felony and the two misdemeanors, and REMAND for resentencing, reminding the trial court that section 775.084 no longer applies to misdemeanor offenses, and that the sentence for the third degree felony may not exceed the ten year statutory maximum.
ERVIN, ZEHMER and BARFIELD, JJ., concur.