OPINION ON REMAND
PER CURIAM.
On November 2, 1992, this court issued an opinion in appellant’s appeals from sentences imposed in two cases. Roberts v. State, 606 So.2d 714 (Fla. 1st DCA 1992). In that opinion, we certified to the supreme court the following question, as one of great public importance: “Does the holding in Eutsey v. State, 383 So.2d 219 (Fla.1980), that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are ‘affirmative defenses available to [a defendant],’ Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?” The supreme court answered the certified question in the negative, quashed our previous opinion, and remanded for proceedings consistent with State v. Rucker, 613 So.2d 460 (Fla.1993). Accordingly, we vacate our previous opinion and substitute the following.
Appellant seeks review of his sentence as an habitual felony offender following his plea of nolo contendere in circuit court ease number 90-348 to the offenses of burglary of a dwelling and resisting arrest without violence. Appellant also seeks review of the sentences imposed upon violation of probation in circuit court case number 87-4865. We affirm appellant’s sentence as an habitual felony offender. We reverse appellant’s sentences imposed upon violation of probation and remand for resentenc-ing.
In case number 87-4865, appellant was sentenced to four years’ imprisonment for burglary. He was also sentenced to two years’ probation for grand theft, to run consecutively to the term of imprisonment. In March 1990, an affidavit of violation of probation was filed in case number 87-4865, alleging that appellant tried to break into a residence and resisted a law enforcement officer without violence. Appellant’s probation was revoked and the trial court sentenced him to seven years’ imprisonment on each count, with the sentences to run concurrently with the sentence for the current offense of burglary.
The trial court erred in revoking probation and imposing a sentence on the burglary count. Appellant was not placed on probation for burglary and had served the four-year term of imprisonment. The seven-year sentence for burglary, imposed upon revocation of probation, is reversed. The seven-year sentence imposed for grand theft exceeds the five-year statutory maximum sentence for this offense. This sentence is reversed, and we remand for resen-tencing on the violation of probation.
In case number 90-348, the trial court adjudged appellant to be an habitual felony offender and sentenced him to six years’ imprisonment for burglary of a dwelling. Appellant was sentenced to one year for resisting arrest without violence, to run concurrent with the sentence for burglary. Appellant argues that the trial court erroneously imposed an habitual offender sentence without sufficient findings. Specifically, appellant argues the trial court failed to make findings regarding *1042 which convictions were obtained within the five-year period, whether he has received a pardon for any crime necessary for the operation of section 775.084, and whether any crime necessary for the operation of this section has been set aside in any post-conviction proceeding.
In Rucker, the supreme court concluded “that where the State has introduced unre-butted evidence — such as certified copies— of the defendant's prior convictions, a court may infer that there has been no pardon or set aside. In such a case, a court’s failure to make these ministerial findings is subject to harmless error analysis.” Rucker, 613 So.2d at 462.
Appellant’s counsel stated at the sentencing hearing that appellant had “committed burglaries in the ’70s and burglaries in the ’80s.” The prosecutor stated that appellant had ten prior felony convictions and that the presentence investigation report indicated appellant has nine burglary convictions and seven grand theft convictions. When specifically asked by the trial judge if any changes or corrections to the presen-tence investigation were necessary, no changes or corrections were suggested by appellant’s counsel. The trial judge noted that appellant had been sentenced in 1988 for burglary and grand theft and in 1986 for another burglary and grand theft. The record on appeal contains a certified copy of the convictions for burglary and grand theft entered in 1988.[1] These convictions were entered less than five years before the date of the offense for which appellant was sentenced as an habitual felony offender. Appellant did not challenge either of those two prior convictions, claim that either had been set aside in post-conviction proceedings, or claim that he had been pardoned as to either conviction. Appellant does not argue on appeal that he does not qualify as an habitual felony offender. Accordingly, we conclude that the trial judge’s failure expressly to make the required findings was harmless error. CASE NO. 90-348 AFFIRMED. CASE NO. 87-4865 REVERSED and REMANDED for resentencing.
BOOTH, BARFIELD and ALLEN, JJ., concur.

. In State v. Barnes, 595 So.2d 22 (Fla.1992), the supreme court concluded that section 775.084, Florida Statutes (Supp.1988) contains no sequential conviction requirement.