637 So.2d 296 (1994)
Joey WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-317.
District Court of Appeal of Florida, First District.
May 13, 1994.
Rehearing Denied June 29, 1994.
*297 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., for appellee.
WENTWORTH, Senior Judge.
Joey Washington has appealed from an habitual felony offender sentence imposed on remand in Washington v. State, 610 So.2d 517 (Fla. 1st DCA 1992). We reverse, and remand for reinstatement of the original judgment and sentence.
Washington appealed his conviction of four drug offenses and the resulting concurrent 30-year habitual felony offender terms. This court affirmed the convictions, but reversed and remanded for resentencing citing the trial court's failure to make a specific finding that Washington met each of the criteria of section 775.084(1)(a), Florida Statutes. Washington v. State, 610 So.2d 517 (Fla. 1st DCA 1992) (Washington I).
The opinion in Washington I issued on November 19, 1992. However, a timely motion for clarification and certification delayed issuance of the mandate until disposition of the motion. See Fla.R.App.P. 9.340(b). An opinion granting the motion issued on December 31, 1992, and the mandate as to both opinions issued on January 19, 1993. The Supreme Court thereafter quashed Washington I in State v. Washington, 620 So.2d 1231 (Fla. 1993) (Washington II), and remanded to this court for further proceedings. We thereafter affirmed the original habitual felony offender sentences. Washington v. State, 625 So.2d 1233 (Fla. 1st DCA 1993) (Washington III).
The trial court resentenced Washington pursuant to Washington I on December 21, 1992, prior to either a ruling on the motion for clarification or issuance of the mandate. The trial court imposed identical concurrent 30-year habitual offender terms, and Washington appealed. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) averring that he can make no good faith argument for reversal. The state argues that the jurisdictional authority for resentencing, i.e., Washington I, was quashed and superseded by Washington II and III. Thus, the trial court had no jurisdiction to resentence Washington. The state seeks vacation of the sentence appealed herein, and reimposition of the original sentence.
Upon the filing of a notice of appeal within 30 days of rendition of the judgment, the jurisdiction of the cause vests absolutely in the appellate court until such appeal has been finally disposed of. See Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983). The judgment of an appellate court becomes final upon issuance of a mandate. See Thibodeau v. Sarasota Memorial Hospital, 449 So.2d 297, 298 (Fla. 1st DCA 1984). Thus, Washington's timely appeal of the original judgment and sentence vested jurisdiction in this court until its issuance of a mandate. Although the court issued an opinion in Washington I prior to the December 21, 1992 resentencing herein, the mandate did not issue until January 19, 1993. Therefore, the trial court had no jurisdiction to impose sentence on December 21, 1992, and we vacate that sentence.
With regard to the sentence now to be imposed, this court has previously mandated that the judgment and sentence appealed in Washington I be affirmed. Washington III, 625 So.2d at 1234. We therefore direct on remand that, upon vacation of the judgment and sentence imposed on December 21, 1992, the trial court reinstate the original judgment and sentence.
Reversed and remanded with directions.
ZEHMER, C.J., and SMITH, J., concur.