PER CURIAM.
Appellant challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. The denial of Appellant’s challenge to his habitual felony offender (HFO) sentence requires reversal, but we affirm the denial of his other claims without discussion.
On July 30, 1996, Appellant committed battery on a law enforcement officer at the prison in which he was incarcerated. The *270 trial court imposed a 10-year HFO sentence consecutive to Appellant’s current incarceration. It cited a January 18, 1990, conviction for battery on a law enforcement officer, and a January 29, 1991, conviction for delivery of cocaine as the predicate offenses. In his sworn motion for postconviction relief, Appellant complained that defense counsel was ineffective in allowing the trial court to impose an HFO sentence that did not meet the statutory requirements. Specifically, Appellant alleged that he had not been released from prison within five years of the July 30, 1996, offense.
It is apparent that Appellant was incarcerated at the time of the offense, but nothing in the record on appeal indicates when or whether Appellant was released from prison other than the trial court’s finding of fact at sentencing that the instant offense was committed within five years of the last conviction or within five years of his release from prison. Because neither of the predicate offenses occurred within five years of the current offense, Appellant could not receive the HFO sentence unless he had been released from prison at some point after July 30, 1991, and before July 30, 1996, See sec. 775.084(l)(a)2, Fla. Stat. (1995).[1] If Appellant had been in prison continuously for the 1991 offense, he could not receive an HFO sentence. Imposing an HFO sentence on a defendant whose prior convictions do not meet the statutory criteria constitutes fundamental error. See Maddox v. State, 760 So.2d 89 (Fla.2000). This court has held that the failure to present evidence that would refute an improper HFO designation is ineffective assistance of counsel. See McClendon v. State, 603 So.2d 607 (Fla. 1st DCA 1992). Appellant alleged that he did not qualify as an HFO under the statute, and the trial court’s attachments do not refute this allegation conclusively.
Accordingly, we REVERSE the denial of Appellant’s claim as to the imposition of the HFO sentence and REMAND for further proceedings consistent with this opinion. In all other respects, we AFFIRM the trial court’s final order.
BOOTH, MINER and VAN NORTWICK, JJ., CONCUR.

. Appellant's offense was committed prior to the amendment which added current prisoners to the statute. See sec. 775.084(l)(a)2.a., Fla. Stat. (Supp:1996).