877 So.2d 737 (2004)
Eric S. WALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-326.
District Court of Appeal of Florida, Fifth District.
April 30, 2004.
Rehearing Denied June 9, 2004.
Eric S. Wallen, Clermont, pro se.
*738 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Eric S. Wallen appeals the summary denial of his Florida Rules of Criminal Procedure 3.800(a) motion in which he alleged that although he entered into a plea agreement to serve a fifteen-year sentence for aggravated assault with a deadly weapon, the sentence is illegal.
Aggravated assault with a deadly weapon is a third-degree felony under section 784.021(1)(a), Florida Statutes (1991), with a statutory maximum of five years. It is not clear from the record whether Wallen was sentenced as an habitual felony offender or a violent felony offender for this offense, but the maximum sentence for the habitual felony offender is ten years with a five-year minimum mandatory sentence if he was found to be a violent felony offender. See § 775.084(4)(b)3, Fla. Stat. (1991). While Wallen agreed to the longer fifteen-year sentence, this does not bar him from attacking the same as an illegal sentence. See, e.g., Larson v. State, 572 So.2d 1368 (Fla.1991); Wheeler v. State, 864 So.2d 492 (Fla. 5th DCA 2004).
The aggravated assault with a deadly weapon count was only one of several counts that resulted in consecutive and concurrent sentences totaling seventy-five years. We only vacate the sentence for the aggravated assault with a deadly weapon count, rejecting Wallen's claim that his sentence for aggravated battery was also illegal. We remand to allow the State the option of agreeing to a legal sentence on the aggravated assault with a deadly weapon count or withdrawing from the plea agreement so that it may proceed to trial on all counts. See, e.g., Barthel v. State, 862 So.2d 28 (Fla. 2d DCA 2003) (holding where illegal sentence was imposed pursuant to plea bargain, state must be given option of either agreeing to resentencing to legal sentence or proceed to trial on original charges); Tarlbert v. State, 766 So.2d 457 (Fla. 5th DCA 2000) (holding where defendant received illegal sentence under unconstitutional guidelines pursuant to a plea bargain, state has option of proceeding to trial or agreeing to have legal sentence imposed); Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000) (holding if state does not agree to re-sentencing defendant to legal sentence, state should be allowed to withdraw plea and matter may proceed to trial on original charges).
SENTENCE VACATED IN PART; REMANDED.
PETERSON, GRIFFIN and THOMPSON, JJ., concur.