PLEUS, J.
Brown appeals his resentencing and partial denial of his Rule 3.850 postconviction motion. ' He argues that the lower court erred by resentencing him for the crime of armed burglary of a dwelling. Although the lower court agreed that the antique rifle he stole from a residence did not qualify as a firearm, Brown argues that the court erred in finding that it qualified as a deadly weapon. We agree and reverse.
Brown was charged by amended information with 19 counts, the most serious and only count pertinent to this appeal being burglary of a dwelling while armed with a firearm, a first degree felony. Pursuant to a plea agreement, Brown was sentenced to a total of 18 years incarceration followed by seven years probation.
Brown did not appeal. Instead, he filed a postconviction motion alleging, in pertinent part, that his counsel was ineffective for allowing him to plead to burglary of a dwelling while armed with a firearm because the alleged firearm was an antique that did not qualify as a firearm under Florida law. The State responded by conceding that the gun was an antique firearm under section 790.001(1), Florida Statutes (2002), because it was manufactured prior to 1918. Accordingly, it conceded that the charges for possession of a firearm by a convicted felon and grand theft of statutory property as well as the ten year mandatory minimum enhancement under the 10-20-life statute should be vacated. Regarding the burglary of a dwelling while armed with a firearm count, however, the State argued that the gun “still constitute^] a deadly weapon,” allowing it to remain a first degree felony. Brown filed a written reply to the State’s response arguing that the rifle did not meet the definition of a “deadly weapon” because he did not use it as a weapon during the commission of the burglary. He alleged that he merely stole the rifle during the burglary.
■ After a hearing on the matter, the trial court vacated Brown’s convictions for possession of a firearm by a convicted felon and grand theft of statutory property. It also vacated the ten year minimum mandatory sentence for use of a firearm in com *810 mission of a burglary. However, the court found that the antique rifle still qualified as a dangerous weapon, leaving the burglary count a first degree felony. The court sentenced Brown to 18 years incarceration followed by seven years probation, without a mandatory minimum sentence. On the remaining counts, Brown was sentenced to 15 years concurrent for the second degree felonies and five years concurrent for the third degree felonies. Brown timely appealed.
Brown argues that the trial court erred in finding that the antique firearm he stole in the coui'se of a burglary constituted a “dangerous weapon” sufficient to make the burglary a first degree felony. The State argued below that the rifle constituted a “dangerous weapon” under section 810.02(2)(b), Florida Statutes (2002). However, on appeal, the State argues that the rifle constituted a “firearm” under section 775.087(1), which was sufficient to reclassify second degree burglary of a dwelling to a first degree felony.
The legal question presented is whether the antique firearm constitutes a “dangerous weapon” under section 810.02(2)(b) or a “firearm” under section 775.087(1), Florida Statutes. Under the facts of this case, the antique rifle did not meet the definition of either a “dangerous weapon” or a “firearm.”
Section 810.02(2)(b) states that “burglary is a felony of the first degree ... if, in the course of committing the offense, the offender: (b) is or becomes armed within the dwelling, structure, or conveyance with explosives or a dangerous weapon.” The term dangerous weapon is not defined in either chapter 810 or chapter 790. The standard jury instruction defines the term “dangerous weapon” as “any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.” Fla. Std. Jury. Instr. (Crim.) 142. In Mitchell v. State, 698 So.2d 555, 559 (Fla. 2d DCA), approved, 703 So.2d 1062 (1997), Judge Altenbernd took the terms “taking into account the way it is used,” to mean the way the object is used in a particular case. Judge Altenbernd concluded in that case that although'a BB gun used in an armed trespass was not loaded or operable, the jury could have concluded that it was a dangerous weapon based on the defendant’s threatening actions, which caused the victims to reasonably believe that the gun was loaded. Id.
In comparing the term “dangerous weapon” to the term “deadly weapon,” used in the robbery statute, Judge Alten-bernd noted that the term “dangerous weapon” is “milder” than “deadly weapon,” but “otherwise of the same meaning.” Id. at 560, quoting Clemons v. State, 48 Fla. 9, 37 So. 647 (1904). The standard jury instruction defines the term “deadly weapon” as a weapon “if it is used or threatened to be used in a way likely to produce death or great bodily harm.” Fla. Std. Jury. Instr. (Crim.) 156. Thus, according to Mitchell, both dangerous weapon and deadly weapon are defined in part by the manner in which’ the object is used during the commission of an offense.
In the instant case, Brown alleged that he found the antique rifle during his burglary of an unoccupied dwelling and stole it. The State never refuted this allegation. Accordingly, the antique rifle did not constitute a dangerous weapon because it was not used in a manner likely to produce death or great bodily harm. Mitchell.
The same conclusion results under section 775.087(1), which states in pertinent part:
Whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, dis *811 plays, uses, threatens to use, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified as follows:
(a) in the case of a felony of the first degree, to a life felony.
(b) in the case of a felony of the second degree, to a felony of the first degree.
(Emphasis added).
Under this statute, the question is whether the antique rifle stolen in this case constitutes “any weapon or firearm.” Under section 790.001(6), the term “firearm” “does not include an antique firearm unless the antique firearm is used in the commission of a crime.” Under section 790.001(13), the term “weapon” is defined as “any dirk, metallic nickels, sling shot, billie, tear gas gun, chemical weapon or devise, or other deadly weapon except a firearm or a common pocket knife.” As Judge Altenbernd noted in Mitchell, this definition contains a list of specific items or “other deadly weapon.” Again, the jury instruction definition of deadly weapon contemplates one which is “used or threatened to be used in a way likely to produce death or great bodily harm.” The antique firearm in the instant case is not one of the weapons enumerated in the definition of weapon nor does it constitute a deadly weapon because it was not used or threatened to be used in a way likely to produce death or great bodily harm. It also does not constitute a firearm because it was an antique firearm and was not used in the commission of a crime. Therefore, Brown is correct that the trial court erred in concluding that the antique firearm was sufficient to sustain his conviction and sentence for a first degree felony either under chapter 810 or 775.
Finally, the State correctly argues it should be allowed on remand to either agree to a legal sentence or withdraw from the plea agreement and proceed to trial on all counts. See Wallen v. State, 877 So.2d 737 (Fla. 5th DCA 2004). Accordingly, we reverse the sentence and remand to allow the State to accept a legal sentence for the lesser charge or retry Brown on all counts. Wallen.
REVERSED and REMANDED.
SAWAYA, CJ., and SHARP, W., J., concur.