SAWAYA, J.
This appeal originates from the decision issued by this court in Wallen v. State, 877 So.2d 737 (Fla. 5th DCA 2004), wherein we held that although Wallen had entered into a plea agreement to serve a fifteen-year sentence for aggravated assault with a deadly weapon, the sentence was illegal. Id. at 738. We vacated the sentence and remanded the ease to allow the State to either agree to a legal sentence or withdraw from the plea agreement and proceed to trial. However, before the mandate issued from this court the trial court resentenced Wallen.
While we acknowledge the attempts of the trial judge to promptly resolve this matter, it is obvious that he acted with too much haste. “The judgment of an appellate court becomes final upon issuance of a mandate.” Washington v. State, 637 So.2d 296, 297 (Fla. 1st DCA) (citation omitted), review denied, 645 So.2d 456 (Fla.1994). Similar to the proceedings in the instant *521 case, in Washington the defendant was resentenced before the mandate had issued from the appellate court. Because the trial court was without jurisdiction to resentence the defendant, the sentence was reversed and the ease remanded for resentencing. Id. at 297. Like the court in Washington, we reverse Wallen’s sentence and remand for resentencing. We note parenthetically that the State concedes the error.
REVERSED AND REMANDED.
THOMPSON and PLEUS, JJ., concur.