PALMER, J.
Chad Brown (defendant) appeals the final order entered by the trial court re-sentencing him upon remand from this court. The judgment entered on count I is vacated so that, on remand, the trial court can enter a corrected judgment. Finding no error regarding the defendant’s other judgments or sentences, we affirm same.
The defendant appears before this court for the second time concerning the instant convictions and sentences. The underlying facts are as follows. The defendant was charged with committing 19 separate crimes, the most serious and only crime pertinent to this appeal being burglary of a dwelling while armed with a firearm, a first degree felony.
Pursuant to a plea agreement, the defendant was given a total sentence of 18 years’ incarceration followed by seven years’ probation. He did not file a direct appeal regarding his convictions. Instead, he filed a postconviction motion alleging, in pertinent part, that his trial counsel had been ineffective for allowing him to plead to the charge of burglary of a dwelling while armed with a firearm because the alleged firearm was an antique rifle that did not qualify as being a “firearm” under Florida law. After conducting a hearing on the matter, the trial court found that the antique rifle qualified as a dangerous weapon, thereby leaving the burglary count a first degree felony. The State prepared an amended scoresheet reflecting a permissible sentencing range of between 133.875 months and life imprisonment because the burglary while armed charge was a first degree felony punishable by life. Defense counsel agreed with the State’s calculation but preserved his objection to the court’s ruling on whether the firearm constituted a dangerous weapon. The State then asked that the same sentence of 18 years’ incarceration followed by seven years’ probation be imposed without the mandatory minimum. The court proceeded to sentence the defendant to a term of 18 years’ incarceration followed by seven years’ probation. On the remaining counts, the defendant was sentenced to 15 years concurrent for the second degree *411 felonies and five years concurrent for the third degree felonies.
The defendant timely appealed, raising several claims of error. Upon review, this court issued an opinion, ruling in pertinent part:
The legal question presented is whether the antique firearm constitutes a “dangerous weapon” under section 810.02(2)(b) or a “firearm” under section 775.087(1), Florida Statutes. Under the facts of this case, the antique rifle did not meet the definition of either a “dangerous weapon” or a “firearm.”
[[Image here]]
The antique firearm in the instant ease is not one of the weapons enumerated in the definition of weapon nor does it constitute a deadly weapon because it was not used or threatened to be used in a way likely to produce death or great bodily harm. It also does not constitute a firearm because it was an antique firearm and was not used in the commission of a crime. Therefore, Brown is correct that the trial court erred in concluding that the antique firearm was sufficient to sustain his conviction and sentence for a first degree felony either under chapter 810 or 775.
Finally, the State correctly argues it should be allowed on remand to either agree to a legal sentence or withdraw from the plea agreement and proceed to trial on all counts. See Wallen v. State, 877 So.2d 737 (Fla. 5th DCA 2004). Accordingly, we reverse the sentence and remand to allow the State to accept a legal sentence for the lesser charge or retry Brown on all counts. Wallen.
Brown v. State, 896 So.2d 808, 810-11 (Fla. 5th DCA 2005).
On remand, the matter proceeded before the same trial judge, who scheduled a re-sentencing hearing. During said hearing, counsel for the State and for the defendant advised the court that they agreed that the only count subject to re-sentencing was count I. Defense counsel then advised the court that on count I the parties had agreed that the new sentence would be á consecutive term of three years of imprisonment followed by seven years of probation. The court specifically asked the defendant whether he understood the agreement and he responded that he did. The court then re-sentenced the defendant on count I to a term of three years’ imprisonment followed by seven years of probation, and directed that the sentence run consecutive to the sentences previously entered on the other related counts.
The defendant filed a timely notice of appeal from this re-sentencing order. He contends that the trial court reversibly erred in re-sentencing him, arguing first that the trial court erred by failing to correct his judgment on count I to reflect that his conviction for armed burglary had been stricken. The State essentially concedes error on this issue but argues that this court should correct the judgment without remanding it to the trial court. We conclude that, since the instant record fails to contain any of the defendant’s original judgments and sentences, the trial court is in a better position to make the necessary correction to the defendant’s judgment. Accordingly, this matter is remanded with instructions that the trial court correct the judgment entered against the defendant on count I.
The defendant next argues that, on remand, the trial court was improperly vindictive in imposing a consecutive sentence since the original sentence on count I was a concurrent sentence, and that, as a result, the sentence must be reversed. We disagree.
*412 First, the defendant’s claim of error was not properly preserved for appellate review since the defendant raised no objection at the time of re-sentencing or through the filing of a rule 3.800 motion. See Harley v. State, 30 Fla. L. Weekly D2434, — So.2d-, 2005 WL 2656268 (Fla. 2d DCA Oct 19, 2005). Second, the defendant’s claim of error regarding the trial court’s vindictiveness lacks merit because, as the State aptly notes, the defendant’s amended sentence effectuates the intent of the trial court’s original sentencing scheme without increasing the amount of the State’s supervision over the defendant. See Blackshear v. State, 531 So.2d 956 (Fla.1988).
AFFIRMED in part; VACATED in part; REMANDED.
THOMPSON and MONACO, JJ., concur.