793 So.2d 980 (2001)
Johnny Edward SIMON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3703.
District Court of Appeal of Florida, Second District.
February 7, 2001.
*981 PER CURIAM.
Johnny Edward Simon challenges the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings on Simon's claim that the habitual offender sentence in trial court case number CF91-4339 is illegal because the trial court did not orally sentence him as a habitual offender.
The trial court previously denied this claim, finding that it was procedurally barred because Simon had raised this issue in his appeal from the judgment and sentence. See Simon v. State, 761 So.2d 1219 (Fla. 2d DCA 2000). However, to its order summarily denying this claim, the trial court attached only the statement of judicial acts to be reviewed. We reversed and remanded for further proceedings, holding that the statement of judicial acts to be reviewed "does not conclusively demonstrate that the issue was addressed on appeal." Id. at 1220. We also noted that the trial court had not attached the written sentence, so that even though "Simon is correct that the court did not orally sentence him as a habitual offender in case number CF91-4339[,]" we could not determine whether there was a discrepancy between the oral pronouncement and the written sentence. Id. at 1219.
On remand, the trial court again denied this claim on the basis that it had been raised on direct appeal. The trial court attached to its order a copy of Simon's initial brief in the direct appeal. A review of Simon's initial brief conclusively demonstrates that Simon did not raise this issue on direct appeal. In his direct appeal, Simon raised two issues. He first argued that the State did not affirmatively prove he had not been granted postconviction relief in one of the two predicate felony convictions necessary for habitualization. In his second issue, Simon argued that the trial court erred in failing to make the statutorily required findings prior to sentencing him as a habitual offender.[1] Nowhere in his initial brief did Simon even allege that there was a discrepancy between the oral pronouncement and the written sentence.
A claim that a written sentence fails to comport with the oral pronouncement is properly raised in a rule 3.800(a) motion. See Brooks v. State, 768 So.2d 513 (Fla. 2d DCA 2000). Where the trial court did not orally sentence a defendant as a habitual offender, the trial court must, upon remand, strike the habitual offender designation from the written sentence. Id. However, the sentence is only illegal if it is over the statutory maximum for that offense. *982 Id. In the present case, Simon alleges that he received two concurrent twenty-year sentences for two second-degree felonies. Should this be the case, appellant's sentences are illegal to the extent that they exceed the fifteen-year statutory maximum for a second-degree felony. If the written sentences reflect that Simon was sentenced as a habitual offender, the trial court shall on remand strike the habitual offender designations and resentence appellant within the statutory maximum should his sentences be outside the statutory maximum. If the written sentences do not reflect habitual offender designations but exceed the statutory maximum, then the trial court shall resentence Simon within the statutory maximum.
Reversed and remanded.
CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, concur.
ALTENBERND, A.C.J., Dissents with opinion.
ALTENBERND, Acting Chief Judge, Dissenting.
It does not appear that Mr. Simon's total time in prison will be affected by his various motions for collateral relief. He received a twenty-year sentence as a habitual offender in trial court case number 91-4974, which is not challenged. The twenty-year sentence Mr. Simon challenges in this appeal is concurrent with the other sentence. I dissent because this case is an excellent example of the mischief that can occur when we allow the written sentence to be trumped by the "oral" pronouncement in a rule 3.800(a) proceeding. See Richardson v. State, 768 So.2d 1 (Fla. 2d DCA 2000) (Altenbernd, A.C.J., concurring); Dawson/Knapp v. State, 698 So.2d 266 (Fla. 2d DCA 1997) (Parker, J., dissenting).
Mr. Simon was tried and convicted in 1992 of three felonies in case number 91-4339. At that time, he had pending two additional felonies in case number 91-4974 and another two offenses in case number 91-5771. On June 19, 1992, he entered pleas on the two pending cases and was sentenced in all three cases. He had one lawyer representing him in 91-4974 and 91-4339, and a separate lawyer for 91-5771. The probationary sentences in 91-5771 are not at issue in this proceeding. Mr. Simon claims that he was improperly habitualized in 91-4339 because the trial court never orally announced that he was habitualized in that case and announced this status only for case 91-4974.[2]
In Simon v. State, 761 So.2d 1219 (Fla. 2d DCA 2000), we relied upon a transcript of the sentencing hearing to determine that the oral sentence was not a habitual offender sentence.[3] The transcript in that record, which is also included in this record, omits pages 8 through 10 of the hearing. Moreover, it repeatedly refers to matters in case numbers "CF91-4974 and CF91-4974." It appears very likely that the court reporter made an error of transcription and the judge was not referring to the same case twice, but to CF91-4339, as well as CF91-4974. It is obvious even *983 from the portion of the transcript in our record that the trial court was pairing the two cases that were noticed for habitualization and in which Mr. Simon was represented by the same lawyer. It appears most likely that Mr. Simon was properly habitualized in both cases.
In collateral proceedings where we purport to allow the oral sentence to control over the written sentence years after the hearing, the truth is that we are relying upon the accuracy of the court reporter over the accuracy of the court clerk. I see no particular reason why we should do this in every case. This type of case presents a factual question concerning whether the clerk or the court reporter was the more accurate scrivener at the sentencing hearing. If the written sentence signed by the judge after preparation by the court clerk reflects habitualization, I see no justification for relying automatically upon a transcript of the sentencing hearing to change the written sentence after a lapse of eight years. If we are to grant any relief under these circumstances, it should be incumbent upon the defendant to establish a basis to conclude that the transcript is more accurate than the written judgment.
NOTES
[1] This court per curiam affirmed Simon's direct appeal. See Simon v. State, 626 So.2d 1379 (Fla. 2d DCA 1993).
[2] I agree with the majority that it is difficult to review cases in which an illegal sentence is at issue when no one places the sentence into the record. The sentences in case 91-4339 are not in this record, nor are they in the record from his previous appeals.
[3] The record in this appeal contains an order from an earlier postconviction proceeding in which Mr. Simon raised an issue about the adequacy of the notice for his habitual sentences in both trial court cases. The trial court denied that motion on September 22, 1994, and Mr. Simon apparently did not appeal that order. He did appeal the denial of a second motion in 1999 concerning the adequacy of the proof of his prior record. This court affirmed that ruling. See Simon v. State, 744 So.2d 1003 (Fla. 2d DCA 1999).