PER CURIAM.
Gary Fain challenges the trial court’s summary, denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Fain’s motion contained four claims. We affirm the trial court’s rulings without discussion on three of the claims, but we reverse and remand with directions to the trial court on one of the claims.
Fain was convicted of second-degree murder and aggravated assault. The written sentence reflects that Fain was sentenced on the second-degree murder conviction as a habitual violent felony offender to life imprisonment with a fifteen-year mandatory minimum. • Fain alleged that this sentence is illegal because the trial court did not orally sentence him as a habitual violent felony offender and did not orally pronounce a fifteen-year mandatory minimum term. Fain is correct in his assertions regarding the oral pronouncements of the trial court. This claim is cognizable in a 3.800(a) motion. See Simon v. State, No. 2D00-3703, — So.2d -, 2001 WL 98564 (Fla. 2d DCA Feb.7, 2000); Brooks v. State, 768 So.2d 513 (Fla. 2d DCA 2000). Where the written sentence indicates the defendant was sentenced as a habitual offender, but the trial court fails to orally pronounce the sentence as a habitual offender, the habitual offender sanction must be stricken from the sentence. Simon, No. 2D00-3703, — So.2d -; Brooks, 768 So.2d 513. However, the sentence is only illegal if it exceeds the statutory maximum for the offense. Id.
*286 Second-degree murder is a first-degree felony punishable by life. § 782.04(2), Fla. Stat. (1991). Therefore, on remand, the trial court shall strike the habitual violent felony offender designation from Fain’s written sentence. The length of the sentence shall remain the same since it does not exceed the statutory maximum. Also, on remand, the trial court shall strike the fifteen-year mandatory minimum portion of the sentence because it was not orally announced. See Brooks, 768 So.2d 513 (holding that when discrepancy exists between oral pronouncement and written sentence, remand is necessary to correct the error).
Affirmed in part, reversed in part, and remanded with instructions.
PARKER, A.C.J., and FULMER and SALCINES, JJ., concur.