PER CURIAM.
Gary Fain challenges the summary denial of his motion for. postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
This case has a long ánd complex history that, hopefully, is unique. In an earlier appeal, having failed to recognize the same sentencing issue that Fain raises herein, we reversed an order denying Fain’s motion to correct an illegal sentence. See Fain v. State, 780 So.2d 285 (Fla. 2d DCA 2001). Fain was unrepresented in that proceeding, and we did not obtain input from the State. • Regrettably, our instructions on remand in that appeal were not completely accurate, and our confusion has, in turn, resulted in continuing confusion in the trial court. However, following an exhaustive review of both the facts and the law, we now conclude that due process entitles Fain to be sentenced in accordance with the sentencing guidelines applicable to Fain’s convictions, but that .the State also has the right to request an upward departure sentence.
Thus, we reverse the summary denial of Fain’s rule 3.850 motion and remand for the trial court to conduct another sentencing hearing in accordance with the statutes and rules applicable to the sentencing guidelines that apply to Fain’s convictions. Should the trial court determine that an upward departure is appropriate under the law and the facts, it must file'contemporaneous written reasons for the departure.
Reversed; remanded with directions.
ALTENBERND, C.J., and CASANUEVA and DAVIS, JJ., Concur.