937 So.2d 827 (2006)
Errol D. BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-648.
District Court of Appeal of Florida, Second District.
September 22, 2006.
*828 SILBERMAN, Judge.
Errol D. Brooks appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
Brooks's rule 3.800(a) motion challenges the life sentence he received at resentencing following our decision in Brooks v. State, 768 So.2d 513 (Fla. 2d DCA 2000). We note, and the State concedes, that the trial court resentenced Brooks prior to the issuance of our mandate in Brooks. As a result, the trial court lacked jurisdiction to resentence Brooks. See Wallen v. State, 909 So.2d 520, 520-21 (Fla. 5th DCA 2005).
We also note that our instructions in Brooks were not completely accurate. Therefore, on remand, Brooks is entitled to be resentenced in accordance with the sentencing guidelines applicable to his conviction, but the State shall have the right to seek an upward departure sentence. See Fain v. State, 888 So.2d 762, 763 (Fla. 2d DCA 2004). If the trial court finds an upward departure to be appropriate, it must file contemporaneous written reasons for the departure. Id.
Reversed and remanded with directions.
WHATLEY and STRINGER, JJ., Concur.